Judge Nicholas
delivered the Opinion of the Court.
Holeman sued Hodges, in covenant, and pbtained a verdict and judgment against him, on the following obligation :
“On or before the first of April, 1827,1 promise to pay Jacob H. Holeman, or order, one thousand dollars, in Commonwealth’s paper, for value received of him, this 13th July, 1826. A. G. Hodges.”
On the hack of which was endorsed this agreement: — -
“ It is distinctly understood between the parties to this obligation, that all liens, mortgages or incumbrances whatever, shall he removed by Jacob H. Holeman, from and on his share of the Commentator, office, before A. G. Hodges shall be forced to pay this note,
J. H. Holeman,

A. G. Hodges

The declaration avers that the only lien, mortgage or incumbrance existing on Holeinan’s share of the Commentator office, at the date of the obli gation and endorsement, or since, was one in .favor of the bank of Kentucky, which, on the 15th July, 1831, was discharged and released.
Hodges filed ten pleas in substance as follows:—
First, “ That at the time of making the obligation and endorsement, there was a partnership in the Commentator office, and in the printing business then, and there carried on, between Holeman and James G. Dana ; that the office was then held by them jointly as partnership property, by virtue whereof Dana held, and still holds, a lien upon the interest of Floleman, for the payment of certain debts due from the firm, and to secure Dana the payment of any balance,which might be found due him, up- *51 Bn the liquidation and final settlement of the partnership accounts, which still remained unsettled.”
•The plea (in such case) must she’., the nature ■ and character of the lien.
The lien of a partner, for a balance (on the partnership accounts,) is not an incident of the legal title to the efiects ; but results from the partnership,and is not affected by the mortgages of either partner on lira share,
The court properly sustained a demurrer to this plea. It shews at most, but a state of case in which an eventual lien, or liability, might arise in Dana’s favor, provided he should thereafter pay Holemards share of the partnership debts : a contingency that might never happen; and admitting a lien in his favor for any balance that might he due him, cannot constitute a present lien, unless there is, or will be, such balance in his favor. The plea goes upon the erroneous idea that Hodges was not bound to take upon himself to shew a balance in Dana’s favor, and that the circumstance of the accounts being unliquidated, created an incumbrance, such as justified withholding payment. The endorsement does not require a settlement of the partnership accounts, and unless it lie shewn there is a balance in Dana’s favor, the court cannot say he has any lien. The difficulty and inconvenience of making such proof in a court of law, cannot alter the question. If is purely q legal one, of lien or no lien.
Second: “ That at the date of the obligation &c. Dana held a lien upon the interest of Holeman in the Commentator office, and being proprietor of the remaining interest, had possession of the whole, and, to maintain his lien, still holds the possession.” .To this plea the-plaintiff replied, traversing its allegations; and Hodges, rejoined in a long, circumlocutory reassertion of them. Upon demurrer to the rejoinder, the court adjudged the plea bad. The rules of pleading require, that the plea should have shewn wiiat was the nature and character of the lien with more precision.
The third, after stating the partnership and co-proprietorship of Holeman and Dana, avers, that in carrying oí) the “business, Dana had expended divers sums, to the amount of five thousand dollars, for the reimbursement of which he held, and still holds, a lien &c.” To this the plaintiff replied, that before the partnership with Dana, he had conveyed the whole office in trust to secure a debt due the bank of Kentucky ; and at the time of its formation, Dana conveyed to him, in mortgage, *52 bis (Dana’s) share, which deed of trust and mortgage wer<3 both still in full force at the time of the sale to Hodges, when he became the partner of Dana, in lieu of Holeman, and they used'the. partnership property in common, and avers, “ that the only lien, mortgage or in-cumbrance whatever,, on his share of said office, at the time of making the endorsement, was said deed of trust» which has been released, discharged,&c.”
Plea, tirar a lien> xvas asserted, held to ho bad-
Wherc the obligation is for payment on a day certain, and an endorsement stipulates that all incum-brances, liens, Ifc. shall be removed before the obligor shall (ly .lost, by a be forced to pay- the right to demand payment, is postponed, not whol-failure to remove the lions by the day.
On demurrer to this replication, the court adjudged the plea bad. Wc think'the plea contains a substantial averment of a lien in Dana’s favor, and that the replication, so far as it goes in avoidance, is insufficient, anil so far as it is in negation, is not -properly responsive to the specific lien alleged in the plea.
We • perceive nothing in the circumstance, that th© whole partnership interest, and that of one of the firm, were mere equities of redemption,'to take from the latter, the lien recognised by law, in favor of partners generally, for the balance due them. The lien is not incident to, nor does it grow out of, the legal estate, but results from the connection as partners, and is appurtenant to the beneficial proprietorship, without reference to the temporary lodgement of the legal title. And if there be any utility in the rules of pleading, after the defendant had set forth a particular lien, it cannot be permitted the plaintiff to waive a traverse of that, and go back to the original negative averment of his declaration.
The demurrer to the replication should have been sustained.
The fourth plea has no semblance of merit. It merely states, that Dana asserted a lien in his favor.
The Jijlh is also bad : it merely states, that the incum-brance in favor of the bank of Kentucky, was not removed on or before the 1st. April, 1827. The endorse- - ment does not make the obligation void, if the incum-brances are not removed before the day of payment, but merely postpones the right to demand payment till they are removed.*
The pendency of a suit, by* which a balance, and lien to secure it, is claimed, does not constitute an incumbrance within the purport of such endorsement.
Each partner has a lien, by operation of law, upon the partnership effects, for any balance in ‘his favor, upon the partnership accounts.
The eighth states, that Dana was asserting a lien by bill in equity, for a balance claimed to be due him, as partner, but does not aver any balance to be due him. The suit could give him no lien, if he otherwise had none, nor did it constitute an incumbrance, such as the plaintiff was bound to remove.
The tenth states the partnership, that the Commentator office was part of the partnership effects, held in equal shares ; that during the partnership, and alter its dissolution, Doleman drew large sums, over and above his rightful share of the capital ami profits, whereby Holeman became indebted to the firm ten thousand dollars, and to Dana five thousand dollars; for the payment of which, before and at the time of making the obligation and endorsement, Dana held a lien on Holeman’s share of the office, and, it being unpaid, still retains it &c. To this the plaintiff demurred, and the court having sustained the demurrer, the sufficiency of the plea presents the principal question involved in the case.
Each partner has a lien on partnership property, for any balance that may be due him on settlement of partnership accounts, whether this balance arise from advances made to the firm, by one partner, or from overdrafts made by the other. Execution creditors, or assignees, of a partner, stand in his shoes, and are entitled only to his share, after the other partner is satisfied all just debts, demands and allowances, due him in that character. Nicoll vs Mumford, 4 John. Chy. 525. Rodrigues vs. Heffernan, 5 Ibid, 424. Gow, 365-391. It would seem, therefore, that where A. and B. are joint partners, that claim which A. has on the partnership property, to indemnify him for the over-drafts of B. must, literally and strictly speaking, be a lien and incumbrance on the share of B. in the partnership effects, as between A. and B. or the assignee of B.
These principles have not been seriously controverted in argument, so far as they apply between partners, or the purchaser of one partner’s interest under execution. But in behalf of Holeman, a distinction has been attempted, on the assumption that this was not a mere sale of Iloleman’s interest in the partnership property, *54 but a sale by him of a moiety of the partnership effects, or materials for carrying on the printing bnsine s, which, by law, as partner, he had a right to make, and bj virtue of which the purchaser acquired a right to au undivided moiety in co-tenancy with Holeman and Dana. W e see no pretext for any such view of the case. It is not at all warranted either bj the defeasance, or the plea. An individual sale by hitri in his own name alone, of his share in the office, by no construction, can be made to mean a sale, for both, of an undivided half of the shares of both.
A stipulation to remove all liens, incl deles the lien of a partner, for his balance on the partnership accounts ; and the failure to remove such lien - the removal being a condition precedent, « — may be pleaded and relied' on at law.
An obligation for the payment of money, with a condition endorsed, that ob-ligee shall remove all incum brances from certain property, before the obligor shall be forced to pay— is a dependent covenant, upon - which no action lies, without a performance of the condition.
It is further said, this "could not have been such a lien or incumbrance, as was contemplated bythe defeasance. Why not ? INo reason occurs to ps, why its removal should not be stipulated for, as well as any other.
But if it was contemplated, and stipulated for, then it is insisted^ because a court of law would not entertain jurisdiction of an original case between Dana and Hole-man, to settle their accounts, neither will it try such matters collaterally, and that, therefore, the defence ought not to be allowed. This argument would rather go to defeat Holeman’s right.of action at law, than take away Hodges’ defence. For if there be such a lien in Dana’s favor, it was the plaintiff’s duty to have shewn it, and that it had been removed, and this the argument would preclude him from doing in a court of law.
Another ground relied on is, that the stipulations contained in the defeasance, were only part of the’ consideration for the covenant, and in consequence thereof is to be treated as an independant covenant, and not in the light of a condition precedent. This is a total misapplication of the rule of pleading, that where plaintiff’s covenant constitutes only part of the consideration for that of the defendant, and the defendant has received partial benefit, and the breach on the part of the plaintiff can be compensated in damages, an action may - be supported without averring performance. We should have some hesitation in saying, the endorsement contained any express covenant on the part of Holeman to remove the incumbrances, or that it was not at his election to remove them at all, provided he chose to forego *55 the collection of the money from Hodges. But conceding that it does amount to a covenant on the part of Ilole-man, for the removal of incumbrances, it is by no means necessarily inferrible, that such covenant on his part, was not the whole consideration for that on the part of Podges. For ought that appear, the original sale to Hodges, many have been subject to all incumbrances, and this covenant the result of a subsequent agreement on the part of Holeman, to remove them ; or this may have been only part of the purchase money, which, by agreement, was to be withheld until the incumbrances were removed. The obligation and its endorsement constitute but one agreement, and, when so considered, are the same in substance, as a promise from A. for value received, to pay B. so much, provided B. first does such an act, and to that description of agreement, the rule referred to, has no application.
The lien of a partner on ths partnership ef•fects, for a balance due him on the partnership accounts, is not limited tq the balance accrued at the time of the dissolution, but is co-extensive with the transactions on the joint account.
It is further objected, that the plea does not distinctly shew, that the balance against Holeman, occurred incon-sequence of his withdrawals previous to the dissolution, and for those made afterwards, it is denied that the lien exists. We do not so understand the law. It is wholly immaterial when the balance against one, and in favor of the other partner, occurred, before final settlement, whether before or after dissolution. It is even said, that notwithstanding the dissolution, the partnership still subsists for many purposes, until final settlement. Gow, 286.
'•’he demurrer to the tenth plea should have been overruled.
It was irregular to render judgment in paper, without such endorsement as the statute requires, of the willingness of the plaintiff to receive paper.
Judgment reversed, with costs, and cause remanded, for further proceedings consistent herewith.

 On the Ctb, 7th and 8th pleas, issues of fact were formed.