M. M. WHITNEY v. EUGENIA COTTEN ET AL.

1. CHANCERY. *Partnership. Land purchased with firm money. Bill to subject by surviving partner.*
    A Court of Chancery has jurisdiction of a bill filed by a surviving partner against the heirs, widow and administrator of his deceased copartner, alleging outstanding debts due by the firm, to administer land purchased with the partnership funds, and needed to pay the joint creditors, as firm assets, whether the title to the land be in the firm name or the name of the deceased partner.

2. SAME. *Frame of the bill.*
    A bill in equity by a surviving partner, to administer lands bought with partnership funds, should be framed on the theory of a settlement of the accounts between the complainant and the intestate, and between them and the creditors, so that all the creditors may have an opportunity to present their claims, and a proper distribution of the proceeds of the sale of the land can be made.

3. SAME. *Proper parties to the bill.*
    To a bill in equity by a surviving partner to administer lands bought with partnership funds, the administrator and the heirs of the deceased partner are necessary parties.

4. SAME.  *Practice.  Defective bill.  Motion.  Demurrer.*

Where a bill in chancery, of which the court has jurisdiction, is defective, because not properly framed and for want of proper parties, a motion is not the proper method of testing the sufficiency of the bill in these particulars.  But if the bill were demurred to, the complainant would be compelled to amend.

5. PARTNERSHIP.  *Real estate.  Purchaser with notice.*

Real estate bought with partnership funds, or acquired in satisfaction of debts, constitutes assets of the firm, so that equity will treat the holder of the title as trustee to pay the creditors and adjust the account between the partners according to their several interests; and a purchaser, with notice from one partner, takes subject to the trust in favor of the other partner.

6. SAME.  *Lien of partner and creditors.*

The partner's lien for the amount of his interest and money advanced to the firm attaches on partnership real estate, and the right of partnership creditors to a preference over individual creditors is said to be dependent on this lien.

APPEAL from the Chancery Court of Amite County.

Hon. THOMAS Y. BERRY, Chancellor.

M. M. Whitney, surviving partner of the mercantile firm of Cotten & Whitney, filed this bill, showing that his partner, W. A. Cotten, died 14th June, 1874, leaving a widow and children, who are made defendants; that, since the death of Cotten, the complainant has settled, as surviving partner, much of the indebtedness of said firm, and can settle it all, by giving his individual obligations, except a debt due to Alcus Scherk & Autey, which ought to be paid by sale of lands.  There is no money of the firm to pay firm debts.  The estate of Cotten has $17,164.41 of debts registered against it, and the personal property of said estate is wholly inadequate to pay them.  There are lands in Amite, Pike, and Franklin Counties, which were purchased with the firm money, and belonged to the firm during Cotten's lifetime.  Prayer, that the land be sold and proceeds applied to firm debts, or divided between the complainant and Cotten's estate ; and for general relief.

A guardian *ad litem* having been appointed for one of the defendant minor heirs cited, he moved to dismiss the bill, because the court had no jurisdiction of the subject-matter of the bill.  This motion was sustained, and a final decree entered for the defendants.  The complainant appealed to this court.

*Cassedy & Stockdale*, for the appellant.

The only question in this case is, has the Chancery Court jurisdiction to assist a surviving partner to turn land, held in the name of the firm, into money, for the purpose of paying the debts of the firm? The legal mind, it strikes us, would fail to discover, at a glance, the want of jurisdiction of the Chancery Court over the subject-matter of this suit. *Scruggs* v. *Blair*, 44 Miss. 406. The bill shows a case for equity jurisdiction, possibly defectively stated, which ought not to have been dismissed on motion. It is respectfully submitted that there is error in the decree, both as to the matter and the manner of " our taking off," and it should be reversed.

No counsel for the appellees.

Simrall, C. J., delivered the opinion of the court.

However the doctrine may have vacillated elsewhere, it has been uniformly held in this State that real estate bought with partnership funds, or acquired in satisfaction of debts, constitutes assets of the firm, so far as the partners and creditors are concerned, quite as effectually as *choses in action* or merchandise. The mere fact of the acquisition in that mode works an equitable conversion of them into personal estate. A court of equity will not undertake to disregard the assurances of title under which they are held, but will treat the holder of the title as trustee for the purposes of the partnership: first, to pay the creditors; and, secondly, to adjust the account between the partners according to their several interests.

Where the conveyances are to both partners, they are in law tenants in common, presumptively equal owners; but in equity, whether the title be in them jointly or in one of them, the property is assets, amenable to creditors, and the surplus is to be disposed of between them on settlement of the partnership account. *Scruggs* v. *Blair*, 44 Miss. 406, 411, 412. It is, therefore, a general principle, that each partner has a lien on the partnership property, not only for the amount of his interest, but for moneys advanced beyond his contribution to the capital, to the uses of the copartnership. And this lien attaches on real estate held for partnership purposes as well

as on the joint personal estate. *Dyer* v. *Clark*, 5 Met. 562 ; *Hodges* v. *Holeman*, 1 Dana, 50. This doctrine is a necessary sequence of the principle which imposes upon the real estate its character of assets, as well for the settlement and liquidation of the accounts between the partners as to answer the demands of creditors.

The right of the partnership creditors to a preference over the creditors of the individual partners is said to be dependent on this right or lien, which each partner has, to have the joint property directed to pay partnership liabilities before individual debts. *Rice* v. *Barnard*, 20 Vt. 479 ; *Howe* v. *Lawrence*, 9 Cushing, 553, 558.

Another consequence of this principle is, that if a partner withdraws a part of the joint stock, if it can be identified, it should be applied to whatever balance on account taken shall be found due from him to the partnership, before it can go to pay his individual debts. *West* v. *Skip*, 1 Ves. Sen. 239, 244 ; Collyer on Partnership, § 126.

The complainant alleges that the individual estate of the deceased partner, Cotten, is insolvent. He points out several tracts of land in the counties of Amite and Pike that were acquired by the copartnership, and legitimately constitute assets, and that this real estate is needed to pay off the joint debts. A court of equity, as we have seen, would consider this real property as assets, as much liable to the claims of creditors as the personal effects ; would interfere to prevent the administrator of the deceased from selling it for the individual creditors, and would take control of it, so as to give a preference to the joint creditors. *Winslow* v. *Chiffelle*, Harper (S. C.), Eq. 25 ; *Divine* v. *Mitchum*, 4 B. Mon. 488.

The lands mentioned in the bill — or more properly the interest of the deceased partner in them — descended to his heirs, clothed with a trust to respond to all the purposes of the copartnership in them. If Cotten in his lifetime had alienated his interest, or if his heirs should convey it, such conveyance would not be valid against the complainant surviving partner, if the alienee had notice, actual or constructive, of the trust. A purchaser of such property, knowing that it is partnership property, would be chargeable as trustee for the other

partners. *Dyer* v. *Clark, ubi supra*, and cases there cited. The foregoing views have been sanctioned in this court. *Scruggs* v. *Blair, ubi supra; Irby* v. *Graham*, 46 Miss. 425.

It is manifest that a court of equity alone is competent to administer proper relief, either to the surviving partner, the complainant, or to the creditors of the copartnership.

The bill, however, is not framed so as to enable that court to take complete cognizance of the subject-matter. The bill sufficiently alleges that these lands are needed to pay the joint creditors. But the administrator of W. A. Cotten, deceased, is interested in the partnership account between the complainant and the intestate, and the heirs have also an interest in the question of the divestiture of their legal title for the joint creditors. The bill should have been framed on the theory of a settlement of the accounts between the complainant and the intestate, and between them and the creditors; so that the creditors might have an opportunity to present their claims and a proper distribution be made of any moneys arising from the sale of the real estate.

If the bill had been assailed by demurrer, the complainant would have been required to amend it as indicated. But, instead of being met in that form, it was dismissed on the motion of the guardian *ad litem* for the infant heirs, on the ground of want of jurisdiction. Such motions are not usual in our chancery practice, and should not be sustained, if the court has cognizance over the subject-matter and the parties. It is not the proper method of testing the sufficiency of the bill, either as to parties or form. If, however, the complainant makes such disclosures of merits as that upon a properly constructed bill, with necessary parties, relief may be granted, the bill should not on motion be dismissed, but opportunity should be offered the complainant to amend.

*Decree reversed. Bill reinstated, with leave to the complainant to amend.*