## Cain's Administrator v. Hubble, et al.

(Decided April 25, 1919.)

### Appeal from Pulaski Circuit Court.

1. Partnership—Contract to Purchase Lot and Erect Building.— Where parties enter into a contract to jointly purchase a lot, and to erect, thereon, a building to be thereafter let for rent, each party to pay one-third of the costs of the lot and building, it will be presumed, that they are to enjoy the profits equally, and to bear an equal portion of the expenses of the maintenance and preservation of the property, and such a transaction is a joint adventure, or limited partnership, and the rights and liabilities of the parties, thereto, are governed by the same rules, which ordinarily apply to partnerships, so far as relates to the purchase, of the lot, erection of the building, and enjoyment of the profits, and the right of the parties to require contribution from the others for advancements, made to the erection and maintenance of the building, and a lien upon a joint owner's share for a balance due one of them upon final settlement, and the right to require the joint debts, created in the joint adventure, to be paid out of the assets, before the claims of individual creditors.

2. Partnership—Limited Partnership—How Interests Held.—Two or more members of a limited partnership may hold their interests in the partnership, in a partnership between themselves, but, in such instance, the latter partnership holds the position of only a member of the former, and the rights and liabilities of the members of the latter can, in no way, interfere with the rights and liabilities of membership in the former.

3. Partnership—Real Estate as Partnership Property.—Real estate purchased for partnership purposes, by partnership funds, and held and treated as partnership property, will, in a court of

equity, be treated as partnership property to the extent and for the purposes of the partnership.

4. Partnership—Liens.—Where the name in which partnership real property is held does not give notice of its partnership character, a purchaser or incumbrancer, without notice of its partnership character, will hold same under his purchase, or his lien will be maintained as against the equities of the partners.

DENTON, KENNEDY & HAYS, R. A. JACKSON and T. B. Mc-GREGOR for appellant.

O. H. WADDLE & SONS for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing in part and affirming in part.

G. W. Cain died on December 24, 1907. For ten or twelve years previous to his death, he and the appellee, R. S. Hubble, had been partners, and, as such, had engaged in conducting saloons, "pop joints," and a livery stable. A saloon, owned by them in North Somerset, was conducted under the name of Cain & Hubble, while, at the same time, a saloon, owned by them in South Somerset, was conducted under the name of Hubble & Cain. While they were still doing business as partners, under the firm names of Cain & Hubble and Hubble & Cain, the appellee, Beecher Smith, and Cain and Hubble, entered into an arrangement, under which the three, jointly purchased a lot, in the city of Somerset, upon which there stood, at that time, a small house. They agreed to purchase the lot, to remove or pull down the house, then upon the lot, and to build, thereon, a three story, brick structure to be thereafter let for rental for business purposes. The agreement was further, that each should pay one-third of the cost of the lot, and the erection of the building thereon, and each was to be an owner of one-third of the property, and as necessary incidents to the ownership, to receive one-third of the profits of the enterprise and to bear one-third of the expenses, incident to the ownership. They described their status, as owners and conductors of the business of the purchase, ownership and management of the property, as R. S. Hubble & Co., or Hubble, Cain & Smith, or Cain, Hubble & Smith. The deed, under which they held the property, contained the following description of them, and the interests to be held by each: "R. S. Hubble & Co. composed of R. S. Hubble, Beecher Smith and G. W. Cain, one-third to

R. S. Hubble, one-third to Beecher Smith, one-third to
G. W. Cain, . . . .'' They chiefly conducted their bus-
iness affairs in the name of Cain, Hubble & Smith, or
Hubble, Cain & Smith, or Beecher Smith, treasurer for
Cain, Hubble & Smith, or Hubble, Cain & Smith. The
names, Cain, Hubble & Smith, and Hubble, Cain & Smith
were used interchangeably, as it seems, by inadvertence,
and occasionally accounts were rendered against them, in
the name of R. S. Hubble & Co. The purchase of the lot
by R. S. Hubble & Co. was effected on December 19, 1904,
and the property was conveyed to it, on the 6th day of
July, 1905, and thereafter, the new building was erected
upon the lot.

On January 16, 1909, this suit was instituted by the
administrators of G. W. Cain, against R. S. Hubble and
Beecher Smith. The purpose of the suit, as expressed
in the petition, was to secure a settlement of the part-
nership of Cain & Hubble, or Hubble & Cain. These
names seem to describe the same partnership, and we
will, hereafter, denominate it, the partnership of Cain
& Hubble. Beecher Smith, as a party to this suit, was
served with a summons to answer and defend it, on Jan-
uary 18, 1909. The petition alleged, that Hubble, as a
partner of Cain, was indebted to the partnership, in the
sum of $5,000.00 arising out of having received of the
partnership assets, that sum, in excess of the amounts,
which had been received by Cain, and that the two-thirds
interest, owned by Cain and Hubble, in the house and
grounds, owned by R. S. Hubble & Co., was an asset of
the partnership of Cain & Hubble, and was acquired by
an investment of the partnership money of Cain & Hub-
ble, and that it, in fact, was the only property owned by
the partnership of Cain & Hubble, except a few worthless
accounts. Beecher Smith was alleged to be the owner
of the remaining one-third interest in the property of
R. S. Hubble & Co., and held a mortgage lien thereon,
and for such reason, was made a party. A judgment was
prayed for a settlement of the partnership, and a judg-
ment in favor of the administrators of Cain, for such
sum, as a settlement of the accounts of Cain & Hubble,
would show Hubble indebted, and for a sale of the house
and lot, and other orders and relief necessary to effect a
settlement of the partnership and a recovery, by the
administrators of Cain, of such part of the assets of the
partnership of Cain & Hubble, as they were entitled to

receive. Hubble answered, but failed to deny, that the interests, owned by him, and Cain, in the building, grounds and assets of R. S. Hubble & Co., were assets of the partnership of Cain & Hubble. Upon a reference to a commissioner to report a settlement of the accounts of Cain & Hubble, it was reported, that Hubble was indebted to the partnership, in the sum of $5,188.36, and was, therefore, indebted to the administrators of Cain, in the sum of $2,594.18.

Previous to the death of Cain, on December 1, 1905, Cain, Hubble and Smith executed, to Walter Smith, a joint note for $3,000.00, which they secured by a mortgage, in which their wives joined, upon the building and lot of R. S. Hubble & Co., and the proceeds went to assist in the erection of the building.

On July 26, 1907, Hubble and Cain executed a joint note to the First National Bank of Somerset, for the sum of $3,000.00 with L. P. Hunter, as their surety, and to secure Hunter against loss, they, together with their wives, executed, to him, a mortgage upon their interests in the property of R. S. Hubble & Co., and to give Hunter a superior lien upon such interests, Walter Smith and Beecher Smith joined in the mortgage, wherein it was expressly provided, that Hunter's lien, upon Cain and Hubble's interests, should be superior to the lien of Walter Smith, and it, also, had the effect of making the lien superior to any, that could be claimed by Beecher Smith. On June 29, 1909, W. D. Gover became the surety of Hubble, in a note to the First National Bank of Somerset, in the sum of $300.00, and to secure him from loss, Hubble and his wife, executed a mortgage, to Gover, upon the undivided interest of Hubble in the building and grounds owned by R. S. Hubble & Co. This note, Gover was compelled to pay, which, with its interest, amounted to $385.50.

On January 6, 1910, Beecher Smith, became the surety of Hubble, in a note to First National Bank of Somerset, in the sum of $1,200.00, and to secure Smith from loss, as such surety, Hubble and wife, executed, to him, a mortgage upon Hubble's one-third interest in the building and lot of R. S. Hubble & Co. Smith was compelled to pay this debt.

On November 1, 1911, Hubble executed to Beecher Smith a note for the sum of $1,500.00 and to secure its

payment, together with his wife, executed a mortgage to Smith upon his one-third interest in the building and lot of R. S. Hubble & Co.

Beecher Smith, also, claimed, that R. S. Hubble & Co. was indebted to him, in the sum of $2,699.43, for materials, furnished, by him, to it, and which went into the construction of its building, and equipments, and for moneys paid for it, in premiums, for insurance upon its property, and other items of indebtedness, which were advances by him to R. S. Hubble & Co.

Beecher Smith, by his answer, counterclaim, and cross-petition, averred, that R. S. Hubble & Co. was a partnership, and prayed, that a settlement of the partnership be had, the property sold, and a distribution of the proceeds, as the rights of the parties demanded.

Hubble obtained a discharge in bankruptcy as of the 27th day of March, 1913.

Under judgment of the court, the property of R. S. Hubble & Co. was sold. All of the above named persons being parties to the suit, the court rendered personal judgments, in favor of certain of the parties, against the others, with the exception of Hubble, according to their respective rights, at least, there is no complaint made of any personal judgment, except that of Beecher Smith against the administrators of Cain.

In adjusting the accounts of R. S. Hubble & Co. for the purpose of rendering the partners equal in disbursements and receipts, including the rents received from the property of the firm, by Smith, it was adjudged, that Cain's administrator was indebted to Smith, in the sum of $683.81, and Hubble, in the sum of $48.41, and that Smith had a lien, upon their respective interests in the proceeds of the sale of the property, to satisfy these sums, respectively. The proceeds, of the sale of the property, was then adjudged to be distributed to the parties, and in the order, as follows:

(1)  To payment of the costs of the action..

(2)  To Walter Smith, in payment of the debt held by him.

(3)  To Beecher Smith, as assignee of the First National Bank and L. P. Hunter, the amount of the note executed by Cain and Hubble, with Hunter, as surety, to the bank. This sum to be paid out of the portions of the proceeds, due Cain and Hubble, equally.

(4)   To Beecher Smith, the sum of $683.81, out of the interest of Cain.

(5)   To Beecher Smith the sum of $48.81, out of the interest of Hubble.

(6)   To W. D. Gover, the amount of his claim, out of the interest of Hubble.

(7)   To Beecher Smith, the debts of $1,200.00 and $1,500.00, with their interests, out of the portion of Hubble.

(8)   To Cain's administrator, out of the interest of Hubble, the sum of $2,270.33, which Hubble was adjudged to owe Cain, and which arose out of the affairs of Hubble & Cain.

(9)   To Beecher Smith, and Cain's administrator, each, one-third of all the proceeds of the sale of the property, less the sums ordered to be paid out of their interests respectively, and that any portion of the interest of Hubble, less the sums ordered to be paid from it, be held by the commissioner, for the further adjudication by the court.

From this judgment, only, Cain's administrator appeals. No complaint is made of the action of the court, in adjudging, that Walter Smith had a lien, superior to all others, upon all the assets of R. S. Hubble & Co., to satisfy his debt, nor, that Beecher Smith, as the assignee of First National Bank, has a superior lien upon the interests of Cain and Hubble to satisfy the note executed, by them, to the Bank, with Hunter, as surety, and of these matters, it does not appear, that any just criticism could be made by the appellant. It is, however, contended, by the appellant, that R. S. Hubble & Co. was not a partnership, but a mere joint ownership, and that Beecher Smith, for that reason, had no lien upon the interest of Hubble or Cain, nor upon the property of R. S. Hubble & Co., to secure the payment of any debt arising from expenditures made, by him, in the improvement of the joint property, or for materials furnished, by him, for that purpose, nor for moneys, expended in the care of the property, and further, that R. S. Hubble & Co. did not owe Beecher Smith any sum. It is, further, contended, that the two-thirds interest, in the property of R. S. Hubble & Co., which was owned by Cain and Hubble, was a part of the partnership property of Cain & Hubble, and that as such, the administrator of Cain, had a lien upon Hubble's interest therein, superior to any

mortgage lien, created upon his interest, by Hubble to se-
cure an individual debt, to satisfy the demand due Cain
from Hubble arising from the partnership transactions
of Cain & Hubble, and hence, the court was in error in
adjudging Gover and Beecher Smith to have liens upon
Hubble's interest to satisfy debts which Hubble, individ-
ually, owed them, and had secured by the mortgages
executed by him, to them, respectively, upon his interest,
superior to the equitable lien of the appellant, as ad-
ministrator of Cain. These contentions will be consid-
ered, in their order, as stated.

(a)  It is not clear, that Cain, Hubble and Smith,
in their ownership and control of the property, which
we have designated, that of R. S. Hubble & Co., were
partners, in the strict and technical sense of a partner-
ship.  While the name of R. S. Hubble & Co., strongly in-
dicates the purpose of the three to become and act as
partners, rather than as joint tenants, the deed, after
describing them as R. S. Hubble & Co., actually conveys
the property to them, jointly, and by their individual
names.  They never made use of the name, of R. S. Hub-
ble & Co., in their business affairs, relating to the build-
ing and lot, but used the names, Cain, Hubble & Smith,
which might equally apply to a partnership or to a joint
tenancy.   Beecher Smith, when testifying, although
given the opportunity to do so, fails to state, that the re-
lationship between himself, Cain and Hubble was that
of a partnership.  At the common law, one joint tenant
could not require another to reimburse him, in any part,
for improvements made upon the joint property, nor to
contribute to repairs, already made, unless the co-ten-
ants agreed to do so, and had no lien to secure the ad-
vancements made for improvements, but, might compel
his co-tenants to contribute to the making of necessary
repairs to the buildings already upon the property.
This court, in Alexander v. Ellis, 79 Ky. 148, held that a
joint tenant was entitled to contribution from a co-tenant
for necessary repairs made, where the co-tenant refused
to assist or was under disabilities and the one, making
the repairs, had a lien upon the co-tenants' share to se-
cure the latter's proportion of the costs of the repairs.
In Crenshaw v. Crenshaw, 27 K. L. R. 1782, it was held,
that a joint tenant had a lien upon his co-tenant's share
in land, jointly purchased by them, to secure what he
might pay, that was in excess of his proportional part of

the purchase money. Neither has a joint tenant, or tenant in common, a lien upon his co-tenant's interest in land to secure the payment to him of his share of the rents collected by the co-tenant, although he may require the co-tenant to pay, to him, his share. Burch v. Burch, 82 Ky. 122. Where a joint tenant, or tenant in common, buys in an outstanding conflicting title, the purchase of which redounds to the benefit of all, the tenant, who has made the expenditure, may require contribution of the other co-tenants, and has a lien to secure its payment to him, upon the shares of the co-tenants, respectively. Cornett v. Burchfield, 142 Ky. 357; Venable v. Beauchamp, 3 Dana 821. While the general rule is, as stated above, with reference to the right of a joint tenant to a lien upon his co-tenant's interest to secure reimbursement for improvements or repairs upon the joint property, it does not have application to the facts presented in this case. In this case, the relations, of the parties, were more than joint tenants, or tenants, in common. The purchase of the lot and the erection of the building, thereon, was a joint adventure, or limited partnership, by Smith, Cain and Hubble, as partners, or else, by Smith, as one partner and Cain & Hubble, as a partnership, and was made under a contract, between them, to purchase the land and to erect the building, and for which each of the parties was to pay an equal part, and while not expressed in the contract, it must be assumed, that each of them, was to share, equally, in the rents thereafter to be collected and to bear an equal part of the taxes, insurance and repairs. Whether such a transaction is, or is not a complete and full partnership, it is not necessary to decide, as the rights and liabilities, of the members of such an arrangement, are such as govern and apply to a partnership, as was held in Crenshaw v. Crenshaw, *supra,* and in many other cases, in this court where the association of the parties consisted of only one transaction, with such elements of a partnership, as existed in this case. 23 Cyc. 457, 458, 15 R. C. L. 500. Beecher Smith's claim, allowed against R. S. Hubble & Co., was for materials advanced for the erection of the building, and for money, paid for insurance thereon, and other things necessary for the erection of the building and its preservation. The same rule applying in an adventure of this kind, as applies to a partnership, generally, the joint property is bound for

advances, and the joint adventurer, who makes such advances, has an equitable right to have his own claims upon the firm for advancements, and the balance due upon a settlement of the partnership accounts, and the firm debts discharged, before a creditor of a party, to the transaction, can come in. Divine v. Michum, 4 B. M. 488; Wilson v. Soper, 13 B. M. 410; Pearson v. Keedy, 6 B. M. 129; Hodges v. Holeman, 1 Dana 55; White v. Woodward, 8 B. M. 485; Payne v. Burks, 4 B. M. 491.

A mortgagee of the interest of a member of a partnership, will only have a lien upon the portion left to the mortgagor, after the debts, owing by the partnership to others, have been discharged, and the balance due to other partners upon adjustment of the partnership accounts have been paid and the same rule applies to the transactions, growing out of such an arrangement, as R. S. Hubble & Co.

(b) It is insisted, that the evidence is not sufficient to have justified the court, in allowing the claim of $2,669.50, for advancements, which Beecher Smith claimed to have made to R. S. Hubble & Co. It can not be determined, that such claim was allowed, as the court only adjudged him entitled to recover $732.62, and of this sum, that Cain owed $682.21 and Hubble owed $48.41. What items of the claim of Smith were allowed or disallowed, or on account of what receipts or advances, the court arrived at the conclusion, as to the amounts, that Cain and Hubble, respectively, owed the firm, or upon what evidences, the decision was made, that the firm owed Smith the sum of $732.62, can not be determined, here, as there was no report of a commissioner as to the accounts of the members of R. S. Hubble & Co., and the books of that firm, although in the evidence before the trial court, are not with the record brought to us, and in the absence of such a large part of the evidence, we can only assume, that the evidence was sufficient to sustain the judgment of the chancellor, as to the state of the accounts of the members of R. S. Hubble & Co. First State Bank of Irvington v. Richardson, 167 Ky. 771; Terrill v. Rowland, 86 Ky. 67; Courier-Journal, etc. v. Cordozo, 21 Ky. L. R. 1259; Sanson v. Connelly, 141 Ky. 120;

(c) It is contended by appellees, that the interests of Cain and Hubble, in the property of R. S. Hubble & Co., were not held, by them, as partnership property of Cain & Hubble, but, as individual holdings, and for that

reason, the claim of the representatives of Cain to a lien upon the interests to satisfy the claim of Cain, which grew out of the settlement of the accounts of Cain & Hubble, is not meritorious. It is well settled, that real estate, purchased for partnership purposes, paid for, with partnership funds, and held and used as partnership property, will be treated as personalty for the purposes of the partnership and partnership property, regardless of the manner or by what agency it is bought, or in whose name, the title is held. The holder of the legal title, will be considered a trustee for the partnership. Divine v. Michum, 4 B. M. 488; Spalding, etc. v. Wilson, etc., 80 Ky. 589; Buck v. Winn, 11 B. M. 320; Lowe v. Lowe, 13 Bush, 688; Cornwall v. Cornwall, 6 Bush 389; Galbraith v. Gedge, 16 B. M. 631; Bank, etc. v. Hall & Long, 8 Bush 676.

The evidence seems to support the judgment of the chancellor, that the interests of Cain and Hubble were partnership property of the firm of Cain & Hubble, and as such, Cain's representatives had a lien upon it, or a right to have any indebtedness of the partnership to Cain satisfied out of it, before it could be appropriated to paying the individual debts of Hubble, at least, as against the claim of one, who had notice of the fact of the partnership character of the interests. Such lien or right could not, however, affect the right of a member or creditor of R. S. Hubble & Co., in a distribution of the assets of the latter firm. The partnership of Cain & Hubble, was a contract between the members of it and to which Smith was not a party, and of which he says, that he had no knowledge, or so far as it had relationship to R. S. Hubble & Co. Hence, the interests of Cain and Hubble, in R. S. Hubble & Co., must be held to be their holdings as individuals, so far as it is necessary to adjust the rights and liabilities of the members of R. S. Hubble & Co., and when such an adjustment is made, whatever remains of the interests of Cain and Hubble, is the partnership property of Cain & Hubble. Gover, as a creditor of Hubble, could not take precedence over the right of a creditor of R. S. Hubble & Co., to have his debt out of the assets of the firm in preference to an individual creditor, when the name under which the property, as real estate, was held, gave him notice of its first obligation to the creditors of the firm, and to its members for advances made to it, and balances due them upon settle-

ment and neither could Gover, as the creditor of Hubble, have a superior lien, by reason of his mortgage, upon the interest of Hubble, to a creditor of the firm of Cain & Hubble, if at the time, he had notice of the partnership character of the property upon which his mortgage was given. The name in which the property was held, however, did not give Gover any notice, that the partnership of Cain & Hubble had any interest in it. There is no pretense in the record, either by averment or evidence, that Gover had any notice, at the time, he became the surety of Hubble and accepted the mortgage, that the partnership of Cain & Hubble had any interest, in the property embraced in the mortgage. The property was not in the possession of Cain & Hubble, but of R. S. Hubble & Co. Gover was not a party to this suit, at that time, and although this suit was then pending, in which it was averred, that Hubble's interest in R. S. Hubble & Co., was partnership property of Cain & Hubble, and a lien asserted, the *lis pendens* notice provided for, by section 2358a, Ky. Stats., was not filed in the office of the clerk of the county court, and although partnership property, it was real estate, and hence, being an encumbrancer without notice, the lien of the representatives of Cain could not prevail over the lien, created by the mortgage of Hubble to Gover. Before the enactment of the statute, *supra*, it was held that the purchaser of partnership real property, where the name in which it was held, gave no notice of its partnership quality, and the purchaser had no actual notice of its character, could hold the land as against any equity, in favor of a partner. Buck v. Winn, 11 B. M. 323; Divine v. Michum, 4 B. M. 488.

(d) For the reasons, stated above, the liens, created by the mortgages of Hubble to Beecher Smith, dated Jan. 6, 1910, and Nov. 1, 1911, respectively, are inferior to the lien of the administrator of Cain upon the interest of Hubble, in the property of R. S. Hubble & Co. These mortgages were given to secure the individual debts of Hubble to Smith, and were not debts owing by R. S. Hubble & Co. No lien existed in favor of Smith to secure the payment of these debts, except the liens, created by the mortgages, and long prior to the time, they were executed, Smith had actual notice of the fact, that the interest of Hubble, in the property of R. S. Hubble & Co., was partnership property of Cain & Hubble, and that

such portion of it as remained, after the settlement of the affairs of R. S. Hubble & Co., must first be appropriated to the payment of the debts of Cain & Hubble, and to the lien of his partner for any balance due him upon a settlement of the affairs of the latter partnership. Smith being a party to this suit, wherein the representatives of Cain asserted the partnership character of the interests of Cain and Hubble and a lien upon the interests of Hubble and Cain therein to pay the large balance due Cain from the partnership, and having been duly served with a summons, must be held to have had actual notice of the lien asserted therein, at the time, the mortgages were executed to him by Hubble. For the error in adjudging that Beecher Smith's liens, by reason of the mortgages executed to him by Hubble on January 6, 1910, and Nov. 1, 1911, respectively, had priority over the lien of Cain's representative upon Hubble's interest for the balance adjudged him against Hubble's interest upon the settlement of the partnership of Cain & Hubble, the judgment is reversed, but, in all other respects, it is affirmed, and the cause remanded for proceedings consistent with this opinion.