ETHRIDGE, Chief Justice.
This case involves interpretation of the Mississippi reciprocal estate tax exemption of intangible property owned by nonresidents, and a determination of whether in this jurisdiction a nonresident’s real and personal partnership property situated in Mississippi is converted into intangible property for all purposes, including estate taxation. We hold that it is not, and thus affirm the decree of the Chancery Court for the First Judicial District of Hinds County.
The pertinent statutes in Mississippi Code 1942 Annotated (Supp.1968) are as follows:
§ 9262-06.5. When intangibles of nonresident are exempt — section is part of Estate Tax Law.
1. The tax imposed under the estate tax law of this state in respect of personal property (except tangible personal property having an actual situs in this state) fehalfriotbe payable1(a) if the transferor at the time of his death was a resident of a state or territory of the United States, or the District of Columbia, which at the time of his death did not imposta death tax of any character in respect of personal property of residents of this state (except tangible personal property having an actual situs in such state, territory or district), or (b) if the laws of the state, territory or district of the residence of the transferor at the time of his death contained a reciprocal exemption provision under which nonres *700 idents were exempted from said._dea.th, taxes of every character in respect of personal _propérty (except tangible personal property having an actual situs therein), provided that the state, territory or district of the residence of such nonresident decedents allowed a similar exemption to residents of the state, territory or district of such decedent.
§ 9262-10. Situs of property.
For the purpose of this tax, all tangible property, real, personal or mixed, located within the State of Mississippi at the date of decedent’s death shall be deemed property within this state and shall he reported unless otherwise exempt.
The Texas inheritance tax law has a substantially similar provision. 20A Tex. Ann.Civ.St. art. 14.01 (Vernon 1969).
J. S. Bridwell, a resident of Wichita Falls, Texas, died in 1966 leaving a gross estate of $29,729,101.81. Included in his gross estate was “Bridwell Plantations,” a partnership in which decedent owned a 75% interest, with his daughter owning the remaining 25% interest. The properties owned by the partnership within this state were: livestock, $174,660.00; real estate (8210 acres), $1,981,877.00; farm machinery, $59,691.56; and automobiles and trucks, $4,754.23. The total value of the properties of the partnership in Mississippi was $2,215,982.79, with decedent’s 75% interest therein being valued at $1,661,987.09.
In July 1967 appellants, C. G. Tinsley and others, co-executors of the estate of J. S. Bridwell, deceased, filed a Mississippi estate tax return showing that the decedent owned an interest in Mississippi properties valued at $1,661,987.09. However, in the return, appellants took the position that all property located within Mississippi is owned by the above-named partnership and as such is considered to be partnership property, and that the capital interest of J. S. Bridwell, deceased, is considered to be intangible personal property and taxed to the decedent for state inheritance or estate tax purposes by the State of Texas, in which decedent was domiciled at the date of his death.
The Mississippi State Tax Commission assessed estate taxes of $54,436.57 against the decedent’s estate and, in making its calculations, included the above-stated properties valued at $1,661,987.09 in decedents gross estate in Mississippi. Subsequently the State of Texas assessed a “pick-up” inheritance tax upon the property of decedent’s estate, including the property in Mississippi, in the amount of $54,436.57.
It is settled that more than one state may impose an estate or inheritance tax on the same transfer of intangible property without violating the United State's Constitution. State Tax Commission of Utah v. Aldrich, 316 U.S. 174, 62 S.Ct. 1008, 86 L. Ed. 1358 (1942); Curry v. McCanless, 307 U.S. 357, 59 S.Ct. 900, 83 L.Ed. 1339 (1939). After these decisions all states enacted statutes designed in varying degrees to avoid double taxation. Mississippi Code 1942 Annotated sections 9262-06.5 and 9262-10, quoted above, were adopted in 1960. Miss. Laws 1960, Ch. 462; Miss.Laws 1960, Ch. 459.
Appellants argue that all interests of the estate of J. S. Bridwell, deceased, in the partnership “Bridwell Plantations” within the State of Mississippi are intangible assets within the meaning of the Mississippi and Texas reciprocity statutes, and are therefore, taxable solely by the State of Texas. They assert that Mississippi has adopted the English rule of “out and out” conversion, meaning that real and personal property of a partnership, constituting a part of the firm property and treated as belonging to the firm, are regarded as being converted into intangibles for all purposes.
Mississippi has not enacted the Uniform Partnership Act, Section 26 of which defines a partner’s interest in a partnership as “his share of the profits and surplus” and states that “the same is personal property.” Concededly, the decisions interpret *701 ing section 26 hold that it converts partnership realty into personalty for all purposes, and that the intent of that section was to establish the English doctrine of “out and out” conversion. Annot., 80 A. L.R.2d 1107 (1961).
However, since Mississippi has not adopted this uniform act, the rule in this State may be summarized as follows: Although partnership real estate is regarded in equity as personal property so far as is necessary for the purpose of settling and paying the debts of the partnership, and adjusting the equities of the partners, the residue, if any, after satisfying such obligations, resumes or retains its former character as real estate and, for purposes of descent and distribution, is treated as realty and goes to the devisees or heirs at law, rather than as personalty, which would pass to the personal representatives of the deceased partner.
For example, Scruggs v. Blair, 44 Miss. 406 (1870), was a suit by creditors on a promissory note. Holding that there was a remedy in equity as to the partnership property, the Court said:
The land in controversy is averred in the bill to have been purchased with the joint funds, and to be held in the joint name. This converts the real estate into equitable assets; so that in equity, it will be dealt with and disposed of as joint effects and credits. * * * Upon a dissolution of the firm, by the death of one of its members, the credits and personal effects vest, by operation of law, in the survivors, and under judgment against them, the effects of the firm may be sold, and the credits garnisheed. The real estate, however, preserves its distinct qualities, and descends to the heir, who holds in common with the survivors, in trust, for the purposes of the partnership; first, for the benefit of creditors, and second, for the members of the firm and their representatives, according to their several interests as fixed by the articles of copartnership. A court of equity would regard, land bought and held as was this land, as assets for creditors, to the same extent as personal effects, so far as might be necessary; the residue would immediately resume its quality as real estate. (44 Miss, at 412-413)
Whitney v. Cotten, 53 Miss. 689 (1876), was a bill in equity by a surviving partner, which the court held should be framed on the theory of a settlement of accounts between complainant and the intestate, and between them and partnership creditors. The Court again defined the doctrine of equitable conversion, applying it only so far as was necessary to effectuate payment of partnership debts and to adjust equities between the partners. Refusing to adopt the “out and out” conversion rule, the Court stated:
However the doctrine may have vacillated elsewhere, it has been uniformly held in this State that real estate bought with partnership funds, or acquired in satisfaction of debts, constitutes assets of the firm, so far as the partners and creditors are concerned, quite as effectually as choses in action or merchandise. The mere fact of the acquisition in that mode works an equitable conversion of them into personal estate. A court of equity will not undertake to disregard the assurances of title under which they are held, but will treat the holder of the title as trustee for the purposes of the partnership : first, to pay the creditors; and, secondly, to adjust the account between the partners according to their several interests.

The lands mentioned in the bill — or more properly the interest of the deceased partner in them — descended to his heirs, clothed with a trust to respond to all the purposes of the copartnership in them. (53 Miss, at 691, 692).
Barry v. Mattocks, 156 Miss. 424, 125 So. 554 (1930), involved an original bill for partition of specific lands, with a *702 cross-bill seeking partition of personalty and a partnership accounting, where one of the partners had died. Citing Scruggs and Whitney, the Court again stated the limited equitable conversion rule, although somewhat ambiguously, as follows:
The interest of a partner in partnership property, whether real or personal property, is his interest in the net balance after deducting from the whole the debts thereof, and after adjusting the equities between the partners. While the legal title to lands may be in the several members of a partnership, yet the title to the lands is held by the partners as trustees, first, to pay the creditors thereon; and, second, to adjust the equity between the partners according to their several interests. And while at law they will be presumed to be equal partners where there is no reservation in the deed, yet in equity the land so held is just as much a part of the partnership assets as the personal estate, and is amenable to creditors in the same manner. (156 Miss, at 432, 433,125 So. at 556).
The several Mississippi statutes dealing with payment of debts of a partnership after death of a partner, and adjustment of equities between the estate of a deceased partner and a surviving partner, impliedly recognize the rule of equitable conversion. Miss.Code 1942 Ann. §§ 553, 558 (1956).
In short, Mississippi has not adopted the English rule of “out and out” conversion, nor the Uniform Partnership Act which legislatively enacted such a rule. We apply the doctrine of equitable conversion, recognizing it only so far as is necessary to effectuate the payment of partnership debts and the adjustment of equities between the partners. See 40 Am.Jur. Partnership §§ 111, 112 (1942); 68 C.J.S. Partnership §§ 73, 283 (1950); 1 J. Barrett & E. Seago, Partners and Partnerships Law and Taxation, §§ 5, 5.1 (1956). The debts of the “Bridwell Plantations” partnership have been paid.
In view of these conclusions, the reciprocal exemption statute, Code section 9262-06.5, does not exempt the real and personal property of this Texas partnership having a situs in Mississippi. The statute expressly excepts “tangible personal property having an actual situs” in this state. And the real and personal property of the partnership with a situs in this jurisdiction is tangible, not intangible property. Code section 9262-10 emphasizes this factor by expressly providing that all tangible property located within this state at the date of decedent’s death “shall be deemed property within this state and shall be reported unless otherwise exempt.” On the other hand, the Commission properly recognized the reciprocal exemption as applying to intangible property of the decedent, and in computing the Mississippi estate tax liability, it excluded all of decedent’s intangible property, including cash in a Mississippi bank and notes and accounts receivable actually made and due in this state.
Affirmed.
RODGERS, JONES, BRADY and IN-ZER, JJ., concur.