Groundwater vs. Town of Washington.

GROUNDWATER, Respondent, vs. TOWN OF WASHINGTON, Appellant.

*December 18, 1895 — January 7, 1896.*

*Injury from defective highway: Claim filed before notice of injury: View and inspection: Discretion: Evidence: Instructions to jury: Contributory negligence: Damages.*

1. A claim against a town for injuries caused by a defective highway may be filed, under sec. 824, R. S., before service of the notice of injury, etc., required by sec. 1339.
2. Requiring the production of articles for the inspection of the jury, or sending the jury to inspect them, are matters resting in the sound discretion of the trial court.

Groundwater vs. Town of Washington.

3. The condition of a wagon seat at the time of an accident being in question, it was not correct to charge that the seat could not have been put in evidence except by the voluntary act of the plaintiff; that if it had been introduced it would not itself have been evidence — independent evidence; that had it been so introduced it would have been improper for the jury to take into consideration the physical fact as to the condition of the seat; and that they were to try the case upon the evidence and not upon their observation.

4. The question being whether there was contributory negligence in attempting to drive over a defective place in the highway, it was error to charge, in effect, that the driver was at liberty to make such attempt unless the defect was of such a nature that it was *rashness* to do so.

5. A charge to the effect that if plaintiff's injuries were permanent he might recover what it was reasonably to be expected he would have earned in the future, and for what suffering he might endure in the future, was erroneous.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Reversed.*

This action was commenced July 25, 1894, to recover damages sustained by the plaintiff, April 9, 1893, by being thrown from a wagon in which he was riding, by reason of an alleged defective highway. The complaint contains the usual allegations in such cases. The answer consists of admissions and denials, and alleges contributory negligence.

At the close of the trial the jury returned a special verdict, to the effect (1) that the highway, at the time and place in question, was not reasonably safe for travel; (2) that the plaintiff's injuries were sustained at a water-break in the highway (3) at or near the side track at its east intersection; (4) that the particular defects which rendered the highway unsafe were caused by the water washing away the earth in front of the water-break and leaving a ditch; (5) and the plaintiff's injury was caused by such defect, (6) and not by a defect in the seat, (7) nor by the want of appliances to hold the seat firm to the wagon, nor the insecure manner in

Groundwater vs. Town of Washington.

which the seat was attached to the wagon; (8) nor was the plaintiff or the driver (Gauthier) guilty of any want of ordinary care in relation to the condition of the seat or the manner of its attachment; (11) nor was the plaintiff or the driver guilty of a want of ordinary care in any other respect, which contributed to the plaintiff's injury; (12) that the defendant had notice of said defect; (13) that the plaintiff's injuries were permanent; (14) that $2,500 will compensate the plaintiff for such injuries. From the judgment entered upon such verdict in favor of the plaintiff, the defendant appeals.

For the appellant there was a brief by *Wickham & Farr*, and oral argument by *James Wickham*.

*T. F. Frawley*, for the respondent, to the point that the wagon seat could not be used as evidence, cited *Washburn v. M. & L. W. R. Co.* 59 Wis. 364; *Munkwitz v. C., M. & St. P. R. Co.* 64 id. 403; *Seefeld v. C., M. & St. P. R. Co.* 67 id. 96; *Sasse v. State*, 68 id. 530; *Wright v. Carpenter*, 49 Cal. 607; *S. C.* 50 id. 556; *Close v. Samm*, 27 Iowa, 503; *Chute v. State*, 19 Minn. 271; *Brakken v. M. & St. L. R. Co.* 29 id. 41.

CASSODAY, C. J. Upon the day named, the plaintiff, two other men, and two children were riding in a light, two-seated wagon, westerly on the highway in question. The driver and the two children occupied the front seat, and the plaintiff and one Prosper occupied the back seat. There is evidence tending to prove that the back seat rested on good and substantial strips on the inside of the box, below the top, in which strips were staples, and on either side of the seat was an iron hook, in the form of a goose neck, and by tipping the hind end of the seat these iron hooks went into the staples, and when the seat was set down it was tightened to the wagon; that when they were going up the hill or ascent, the front wheels of the wagon passed over a ridge, or what

is called in the verdict a "water-break," and then suddenly pitched forward into a ditch immediately adjacent to the upper side of the water-break, throwing the plaintiff forward; and that when the hind wheels passed over the water-break into the ditch, and the front wheels ascended, the plaintiff and Prosper and the back seat fell out of the back end of the wagon, and the plaintiff was injured.

1. Error is assigned because the court refused to direct a verdict in favor of the defendant. The ground of this claim is that the notice required by sec. 824, R. S., and the notice required by sec. 1339, R. S., were both served on the same day; that the notice under the former section was given first, and was inoperative, because the notice under the latter section "was a condition precedent to the right to sue," and hence that the plaintiff had no claim to file until that notice had been given. The difficulty with such contention is that the notice required by the latter section does not create the cause of action, but is merely essential, within the prescribed period, to preserve and continue the cause of action given by the statute for the injury resulting from the defective highway. There was no error in refusing to direct a verdict.

2. We do not think there was any error in refusing to order the plaintiff to produce, on the trial, the seat mentioned, nor in refusing to send the jury to inspect the same. The making of such order and the granting of such request rested in the sound discretion of the trial court. *Andrews v. Youmans*, 82 Wis. 81. The plaintiff testified to the effect that, prior to the accident, he did not know how the seats were fastened on the wagon, nor if the seat was set loose on the wagon or fastened. There is evidence tending to prove that the seat was in good repair at the time of the accident; that after the accident it had been changed, by strapping pieces of iron on the outside and in other respects, so as to adapt it to a sleigh. The court indicated to counsel for the defendant that he was at liberty to prove that the seat was

defective at the time of the accident, and for that purpose
to recall witnesses, but that the plaintiff was not obliged to
produce the seat in court, notwithstanding it was admitted
to be in his possession, and that, even if he did produce it in
court, still it could not be used as independent evidence, but
merely in applying and explaining evidence. If it was meant
by this that the mere production of a seat on the trial, with-
out any evidence that it was the seat in question, could not
be used as independent evidence, then it might not be ob-
jectionable.

3. But the court manifestly meant more, as is apparent
from the portion of the charge relating to the seat. That
portion of the charge is lengthy and to the effect that the
seat could not have been put in evidence except by the vol-
untary act of the plaintiff; that if it had been introduced
it would not itself have been evidence,— independent evi-
dence; that, had it been so introduced, it would have been
improper for the jurors to take into consideration the phys-
ical fact as to the condition of the seat; that they were to
try the case upon evidence and not upon their observations;
that the plaintiff may have had good reasons for not produc-
ing the seat in court; that if he thought, from lapse of time
or subsequent use, it would prejudice his case, then he was
justified in not producing it. Some portions of the charge
thus referred to are repugnant to the rulings of this court
in the following cases: *Neilson v. C., M. & N. W. R. Co.* 58
Wis. 516; *Washburn v. M. & L. W. R. Co.* 59 Wis. 364; *White
v. Milwaukee City R. Co.* 61 Wis. 536; *Johnson v. Boorman,*
63 Wis. 268.

4. In charging the jury on the question of contributory
negligence, they were told, in effect, that unless the defect
in the highway was of such a nature that it would be con-
sidered *"rashness"* to attempt to pass over it, the driver was
not obliged to stop and refuse to go on, but was at liberty
to drive on if he exercised ordinary care in passing over the

Groundwater vs. Town of Washington.

defect. In so far as it may be inferred from such charge that the driver was justified in venturing to drive on, even if the nature of the defect was such that he could not do so without being guilty of a want of ordinary care in making the attempt, it is misleading. It was for the jury to say whether he was in the exercise of ordinary care in venturing to drive on instead of turning back, as well as whether he exercised ordinary care while passing over, after he did so conclude to drive on. Probably the most favorable case in this court for the plaintiff on this question is *Kenworthy v. Ironton*, 41 Wis. 647. It was there held that " the fact that a person drove over a highway at a certain place with knowledge that it was dangerous is not conclusive, *in law*, that he was negligent; but the question is for the jury, in view of all the facts in evidence." It is just as true that it is not conclusive, in law, that it is not negligence. We think the portion of the charge referred to was misleading.

5. On the question of damages the court charged the jury to the effect that, if the injuries were permanent, then the plaintiff was entitled to recover what it was reasonably to be expected he could earn, or would have earned in the ordinary course of events, up to the time of his death or when he should become by age incapacitated to perform further labor in earning money, and for what suffering he might endure in the future. These instructions erroneously allowed the jury to go into the field of conjecture and speculation. *White v. Milwaukee City R. Co.* 61 Wis. 536; *Hardy v. Milwaukee St. R. Co.* 89 Wis. 183; *Block v. Milwaukee St. R. Co.* 89 Wis. 371.

Numerous other errors are assigned, and some may be fairly subject to criticism; but it is believed that what has been said is sufficient to prevent error upon a new trial.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.