## Willis v. Lam, et al.

(Decided May 8, 1914.)

### Appeal from Muhlenberg Circuit Court.

1. Land—Parol Contract for Sale of—Constructive Trust—A parol agreement for the purchase of land is within the Statute of Frauds, and not enforceable (Ky. Stats., Sec. 470.) But a constructive trust arising from a parol agreement whereby land sold at a decretal sale is purchased by one for the purpose of allowing its redemption by the former owner, is not within the Statute of Frauds; such an agreement being enforceable on the doctrine of equitable estoppel.

2. Land—Constructive Trust Created by Parol Agreement—When Not Enforceable.—In order to enforce a parol agreement for the sale of land upon the ground that such agreement created a constructive trust, it must be made to appear that the alleged beneficiary of the trust either furnished the purchase money with which to buy the land, with the understanding that the title was to be conveyed to him, or that he had owned the land or had a bona fide claim thereto. This equitable doctrine, however, cannot be invoked by a stockholder of a corporation which owned the land sold at a decretal sale and purchased by a third party, under a parol agreement with the stockholder that he would be allowed to redeem the land for himself and other stockholders of the corporation.

WALKER WILKINS for appellant.

HUBERT MEREDITH and TAYLOR & EAVES for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This action was instituted against the appellees, J. W. Lam, J. A. Smith and R. L. Brown, by the appellant J. C. Willis, claiming to be suing in his own right as a stockholder in a defunct bankrupt corporation known as the Dovey Coal Company, and in behalf of other stockholders thereof, whose names are not stated in the petition, to compel the execution of an alleged trust arising out of an alleged parol agreement made between the appellant, J. C. Willis, and the appellee, Lam, whereby the latter promised and undertook, as averred, to convey to the appellant Willis and the other stockholders of the Dovey Coal Company, certain lands and coal mines in Muhlenberg county, which he (Lam) purchased at a sale of the property of the bankrupt corporation and was about to sell, in alleged violation of the trust, to

J. A. Smith and R. L. Brown, who, by reason thereof, were made defendants to the action and against whom, together with Lam, an injunction was asked to prevent the consummation of the sale in question.

Appellees filed separate general demurrers to the petition, all of which were sustained by the circuit court, to which the appellant excepted. Thereafter the latter filed an amended petition making more specific certain allegations of the original petition, and averring, in substance, that the alleged trust created by the parol agreement between the appellant, Willis, and the appellee, Lam, was for the benefit of the creditors of the bankrupt corporation, to whom it was owing unpaid claims, as well as for the benefit of the stockholders thereof. Following the filing of this amendment appellees insisted upon their demurrers to the petition as amended, and the same were again sustained, to which appellant also excepted. Thereupon the court, following appellant's refusal to plead further, dismissed the petition; and from the judgment mainifesting these several rulings this appeal is prosecuted.

We gather from the record the following history of the transactions resulting in this controversy. In the year 1905 the appellee Lam, for the sum of $50,000.00 sold and by deed conveyed to the Dovey Coal Company, incorporated, the several tracts of land and coal properties described in the petition. The consideration of $50,000.00 was paid in certain mortgage bonds, with interest coupons attached, which the corporation issued and delivered to Lam, and these bonds were secured by a mortgage or deed of trust on the property conveyed. In 1910 the Dovey Coal Company, desiring to make certain improvements on the property it had purchased from Lam, borrowed of the latter $40,000.00, for which mortgage bonds of that amount, with interest coupons attached, were issued by it and accepted by Lam. These bonds were also secured by a mortgage or deed of trust giving a second lien on the entire property mentioned. In December of the following year the Dovey Coal Company defaulted in the payment of the interest on the outstanding bonds, held by the appellee Lam, and had then incurred an indebtedness, in addition to the bonds and unpaid interest, amounting to more than $10,000.00. Being unable to meet the demands of its creditors, the company filed a voluntary petition in bankruptcy in the United States District Court for the Western District

of Kentucky and was duly adjudged a bankrupt by that court, following which the trustee elected by its creditors proceeded to wind up and settle its business and affairs.

Pending the bankruptcy proceedings, the appellee, Lam, together with William Eads, who had acquired title to a part of the second issue of bonds, filed a petition in the United States District Court, praying the enforcement of the mortgage liens given to secure the payment of the bonds and asking a sale of the property covered by the liens to satisfy, first, the issue of bonds aggregating $50,000.00 and second, those aggregating $40,000.00, with accrued interest. The prayer of the petition was granted by the entering of a decree directing the sale of the mortgaged lands and mining properties for the purposes mentioned and appointing the trustee in bankruptcy to make the sale. Prior to the sale, however, Eads sold and assigned to Lam the bonds held by him. Pursuant to the judgment the trustee made the sale of the property described therein and the appellee, Lam, being the highest and best bidder, became the purchaser of the whole of it at the price of $75,000.00. At that time the face value of the bonds held by Lam was $90,000.00, to say nothing of the interest due thereon. In addition there were claims against the property, secured by liens that were superior to those securing the bonds held by him, which, with certain costs, all amounting to something more than $10,000.00, he was compelled to pay in order to secure a clear title to the property. By an order of the Federal Court, and with its approval, the trustee, following the consummation of the sale, made Lam a deed conveying the property purchased by him. This action was brought by the appellant, Willis, about a year after the purchase by the appellee, Lam, of the lands and other property of the Dovey Coal Company.

This appeal presents for decision the single question: Do the facts alleged in the petition as amended state a cause of action? The facts alleged are, in substance, that prior to the purchase of the lands and other property of the bankrupt corporation, the appellee, J. W. Lam, entered into a parol contract with the appellant, Willis, acting for himself and other stockholders of the Dovey Coal Company, whereby he agreed that he would buy the property at the trustee's sale, take a deed to himself and hold the property until such time as the appellant and other stockholders might be able to redeem it, and then convey it to them by a proper deed at

the price of $77,000.00, and the amount of costs expended by him in the bankruptcy proceedings in proving his claims against the estate of the bankrupt and obtaining a sale of the mortgaged property to pay them; the costs to be paid in cash or secured and the $77,000.00 in a bond or bonds maturing five years after date, with interest, secured by a first mortgage lien upon the lands and other property to be reconveyed appellant and the other stockholders by the appellee, Lam. This agreement, it was further alleged, created by operation of law an enforceable trust for the benefit of the former stockholders of the bankrupt corporation and its creditors as well; but that the appellee, Lam, had wrongfully refused to execute the trust, though appellant, Willis, and other stockholders were ready and had offered to comply with their part of the alleged agreement as to the payment of the costs incurred by Lam in the bankruptcy proceedings and the securing of the $77,000.00 by the execution of the necessary bond or bonds and mortgage, according to the terms of their agreement.

The only inducement or consideration alleged in the petition for the undertaking of the appellee, Lam, to convey the property to the appellant, Willis, and other stockholders of the Dovey Coal Company after his purchase of it, was the agreement of the latter that they would not resist his application to the District Court for its sale in satisfaction of the bonds held by him, or make any effort to delay the sale, as they had intended doing. It does not appear from anything alleged in the petition that the appellant, Willis, or other stockholders of the Dovey Coal Company, had or could have made any defense to the petition filed in the District Court by the appellee, Lam, to obtain a sale of the mortgaged property in satisfaction of the bonds held by him, or that they had or could have shown any legal cause for delaying the sale of the mortgaged property by that court; in view of which it is difficult to see why Lam should have been influenced by a mere threat from Willis and associate stockholders, if any was made, to resist his application for a sale of the mortgaged property, to enter into an agreement that would compel him to suffer approximately a loss of $20,000.00, by conveying to them property, which, including the loss on his bonds, cost him not less than $100,000.00, at $77,000.00 and the costs he incurred in the bankruptcy proceedings.

It is stated in the petition that the capital stock of the Dovey Coal Company was $100,00.00, and that $25,000.00 thereof was owned by the appellant, Willis, and a like amount by Hywell Davis, of Louisville, but the names of the other stockholders are not disclosed by the petition or the amount of stock owned by any of them. The petition is also silent as to whether Willis had authority from the absent stockholders to make the agreement with Lam for them. It is admitted by the petition that the appellee, Lam, was not to convey to Willis and associate stockholders the lands and other property in question until he received from them in cash or its equivalent the amount of the costs he expended in the bankruptcy proceedings and the bond or bonds for the $77,000.00 purchase price, payable in five years and secured by a mortgage on the property. It is merely alleged therein that the appellant, Willis, and other stockholders, offered to comply with the alleged agreement, but not alleged that such offer was made by a tender of the money to pay the costs incurred by him in the bankruptcy proceedings or that there was a tender of the bond or bonds for the $77,000.00 required by the agreement; nor does the petition give any information, by way of averment or otherwise, as to the manner in which these bonds were to be executed, whether they were to be signed by each stockholder or to be executed by a new corporation to be formed by them. In other words, the petition is silent as to these and other material facts necessary to show that the beneficiaries of the alleged trust have placed themselves in a position to enforce its terms.

But the petition as amended is open to a yet greater objection than any mentioned. Admitting, as we must for the purposes of the demurrer, the truth of all that is therein alleged, the facts averred fail to establish the trust asserted and therefore fail to state a cause of action. The contract here sought to be enforced, being in parol, is clearly within the Statute of Frauds (Sec. 470 Ky. Stats.) unless it created a constructive trust enforceable at the suit of the appellant Willis and other stockholders as beneficiaries thereof. The principle upon which a constructive trust may be created and enforced is thus stated in Pomeroy's Equity Jurisprudence, Sec. 1044.

"If a person obtains the legal title to property by such arts or acts or circumstances or circumvention, im-

position, or fraud, or if he obtains it by virtue of the confidential relation or influence under such circumstances that he ought not, according to the rules of equity and good conscience, as administered in Chancery, to hold and enjoy the beneficial interests of the property, a court of equity, in order to administer complete justice between the parties, will raise a trust by construction out of such circumstances and relations; and this trust they will fasten upon the conscience of the offending party and will convert him into a trustee of the legal title and order him to hold it or to execute the trust in such manner as to protect the rights of the defrauded party and to promote the safety and interests of society.''

Constructive trusts are held not within the Statute of Frauds, because they are bottomed on the doctrine of estoppel and the operation of an estoppel is never affected by the Statute of Frauds. There are numerous cases in which constructive trusts with respect to real estate have been held by this court to arise from parol contracts, and that such contracts are not within the Statute of Frauds; but in each of these cases the alleged beneficiary of the trust either furnished the purchase money with which to buy the land or had owned the land or had a bona fide claim thereto. Crutcher v. Muir, 90 Ky., 142; Griffin v. Schlenk, 139 Ky., 523; Schaffer v. Schaffer, 97 Ky., 512; Payne v. McClure Lodge, 115 S. W., 764; Wiedemann v. Crawford, 142 Ky., 303; Parker v. Catron, 120 Ky., 145; Warden v. O'Brien, 142 Ky., 633. It is manifest, however, that the instant case does not belong to this class of cases, as the persons seeking to enforce the alleged trust did not own the lands or other property sought to be recovered by virtue thereof, have an actual interest therein or a bona fide claim thereto. The appellant Willis and others for whom he claims to have acted in making the contract with the appellee, Lam, by which the alleged trust was created, were mere stockholders of the Dovey Coal Company. The corporation alone held the title to the property down to the time it was vested in the trustee in bankruptcy, from whom it was purchased by the appellee, Lamb, and the contract relied on as creating the trust sought to be enforced could have been made only by the corporation, its officers or other person having authority to act for it. The business and affairs of the corporation having been liquidated and its assets disposed of by the proceedings

in bankruptcy and the corporation as such having gone out of existence, we know of no rule of law or practice that will permit its stockholders, or some of them, at this late day, to enforce a parol contract affecting property formerly owned by it, made by them in their individual capacity with a third party. The rule is that such a contract, to be valid, must be made by the corporation as such and enforceable at its suit. A different question would be presented if the contract had been made by the corporation, and the stockholders were attempting to enforce it upon a showing that its directors had corruptly, or for other wrongful reason, refused to do so, to their injury. 10 Cyc., 669-670. But no such case is here presented and no right of action in the stockholders is shown. As the appellee Lam purchased the lands and other property in controversy in his own name and paid for it with his own money, a mere verbal agreement, if any, on his part to make the purchase for appellants, who owned no interest in the property and had no authority to make such a contract cannot be enforced because within the Statute of Frauds. The case is controlled by the principles announced in the following cases: Letcher v. Letcher's Heirs, 4 J. J. M., 590; Graves v. Dugan, 6 Dana, 632; Com. v. M. B. S. R. R. Co., 94 Ky., 16; Estes v. Estes, 142 Ky., 262; Day v. Ambergy, 147 Ky., 123, in each of which the character of relief here sought was refused.

Judgment affirmed.