## Husbands v. Paducah & Illinois Railroad Company.

(Decided December 19, 1919.)

### Appeal from McCracken Circuit Court.

1. Evidence—View by Jury.—While the result of the jurors' observations on a view is evidence, which in making up their verdict they may consider in connection with the other evidence in the case, yet unless the case is one turning on the absence or presence of a physical fact which no amount of oral testimony may affect, or the jury act pursuant to a statute giving them the power to view the premises and reach a conclusion from their own observations, the jury cannot arbitrarily disregard all the other evidence and base their verdict solely on the result of their observations.

2. Appeal and Error—Railroads—Streets—Obstructions—Action for Damages—Verdict—Sufficiency of Evidence.—Where, in a lot owner's action for damages against a railroad for obstructing certain streets, every witness testified that plaintiff's property had been depreciated from 25% to 50% of its value, a verdict of damages in the sum of $1.00, based solely on a view of the premises and oral testimony as to physical conditions which did not add to the result of the view, was flagrantly against the evidence.

3. Railroads—Obstruction of Streets—Remedies of Owners of Property—Damages—Admissibility of Evidence.—In an action by a

lot owner against a railroad for the obstruction of certain streets on an adjoining square from the property of the plaintiff, evidence that a new and better street had been constructed was admissible on the question of damages.

W. M. HUSBANDS, JOHN K. KENDRICKS and WILLIAM MARBLE for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

This is the second appeal of this case. The opinion on the former appeal may be found in 176 Ky. 290, 195 S. W. 831, where the facts out of which the litigation grows are fully set forth.

It is sufficient for the purposes of this case to say that the railroad, at the points where it crosses Harrison, Madison, Monroe, Jefferson and Broadway streets, was constructed on an embankment or fill that obstructed those streets, but the company built underpasses at Broadway and Jefferson streets and midway between Madison and Harrison streets. The result was that the plaintiff, Mrs. Husbands, who had formerly had the use of five streets in going to and from her property in an eastern and western direction, was confined to the three underpasses, and in going to and from her property in a northern and southern direction it was necessary for her to make a detour between Jefferson and Broadway streets where she had formerly traveled Thirty-First street.

The suit was originally brought for the purpose of enjoining the railroad company from obstructing the streets. On appeal it was held that plaintiff was not entitled to the injunction, but was entitled to damages if her property was injured by the obstructions.

On the return of the case, a trial before a jury resulted in a verdict for plaintiff in the sum of only $1.00. Plaintiff appeals.

Twelve witnesses testified in behalf of plaintiff. While they admitted that plaintiff could reach Paducah by a better street than she formerly had, all of them gave it as their opinion that the property of plaintiff, which was formerly worth from $9,000.00 to $12,000.00, was depreciated by the obstructions to the extent of from

25 per cent to 50 per cent of its value. While some of these witnesses were related to plaintiff and others had similar cause of action against the defendant, there were other witnesses who were not interested in any way in the result of the suit. The defendant offered no opinion evidence to the effect that the property was not injured, but rested its case on the view of the jury and the physical conditions as explained by the witnesses.

It is the contention of plaintiff that the verdict is flagrantly against the evidence. On the other hand, the defendant contends that the view by the jury, coupled with the evidence on the physical conditions, was sufficient to sustain the verdict, notwithstanding the fact that no witness testified that the property had not been injured by the obstruction.

The courts are not in harmony as to the effect of a view by the jury. Some courts adopt the theory that a view is never evidence, but that the purpose thereof is to enable the jury the better to understand, weigh and apply the evidence, and not to make them silent witnesses in the case, burdened with testimony unknown to both parties, and in respect to which no opportunity for cross-examination or correction of error was afforded. Close v. Samm, 27 Iowa, 503; Wright v. Carpenter, 49 Cal. 607; Shuler v. State, 105 Ind. 289, 58 Am. Rep. 211; Chute v. State, 19 Minn. 277. Other courts have adopted the rule that a view constitutes mute evidence and may in some instances be taken as determinative of the dispute to the exclusion of parol evidence. Clarksville & H. Turnpike Co. v. Atkinson, 1 Snead (Tenn.) 426; Smith v. Morse, 148 Mass. 407. Still other courts hold that while the result of the jurors' observations on a view is evidence which in making up their verdict they may consider in connection with the other evidence in the case, they cannot arbitrarily disregard all the other evidence and base their verdict solely on the result of their observations. Chicago, etc. R. Co. Parsons, 51 Kan. 408, 32 Pac. 1083; Bigelow v. Draper, 6 N. Dak. 152; Topeka v. Martineau, 42 Kan. 387, 22 Pac. 419, 5 L. R. A. 775; Groundwater v. Washington, 92 Wis. 56, 65 N. W. 871; Washburn v. Milwaukee, etc. R. Co., 59 Wis. 364, 18 N. W. 328. After a careful consideration of the question, we conclude that the last mentioned rule is the corect one, and should be applied unless the case is one that turns on the absence or presence of a physical

fact which the jury may see for themselves, and no amount of oral testimony can affect, or the jury act pursuant to a statute giving them the power to view the premises and reach a conclusion from their own observations. Here we have a case where not a single witness who testified on the subject stated that plaintiff's property was not injured by the obstructions. On the contrary, the witnesses gave it as their opinion that it had been injured from 25 per cent to 50 per cent of its value. Under these circumstances it seems to us that the jury could not disregard this evidence and base their conclusion solely on the result of their own observations coupled with testimony as to the physical conditions, which testimony did not in any wise add to the result of the view. If the case were reversed, the effect of a contrary ruling could be more readily appreciated. Suppose that a dozen witnesses had stated that plaintiff's property was worth as much after the streets were obstructed as it was before, would the jury have been authorized, notwithstanding this evidence, to view the premises and conclude that plaintiff's property had been damaged to the extent of $5,000.00? We think not, and for the same reason we hold that the verdict in this case is flagrantly against the evidence.

Plaintiff further contends that the court erred in permitting defendant to show that a new and better street had been constructed by the defendant. In support of this contention we are cited to the case of Stein v. C. & O. Ry. Co., 132 Ky. 322, 116 S. W. 733.

In that case the street obstructed was appurtenant to plaintiff's lot, and her access to the front of the lot was entirely cut off. The court held that evidence to the effect that a street had been constructed which afforded plaintiff access to the rear of her lot instead of the front was not admissible. That principle cannot be applied to the facts of this case. Here the alleged obstructions are not on the square where plaintiff's property is located, but are on other squares. She has not been deprived of the means of ingress and egress. There has been only an obstruction of her right. Hence, evidence that defendant had built a new street which afforded plaintiff a better means of travel than she had prior to the obstruction was admissible on the question of damages.

Judgment reversed and cause remanded for a new trial consistent with this opinion.