## Pawley v. Glasscock et al.

(Decided January 13, 1931.)

JAMES & JAMES for appellant.

LAYMAN & LAYMAN for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

In the fall of 1927, the appellant, John Pawley, and five other farmers, by their contribution of labor, material, and money, built a one-wire neighborhood telephone

line from Pawley's residence in a southerly direction to Glasscock's and beyond to other neighbors. It was understood that eventually the line should be extended northwestwardly from Pawley's to Hardin Springs. It appears that Pawley purchased his own telephone instrument (as did others), and contributed $1.97 as his share of the cost of the wire and insulators.

In the early summer of 1928, Pawley, becoming dissatisfied with the service he was receiving or because he had been cut off, disconnected his telephone and grounded the wire in order to complete the circuit for others on the line. He claims he had no purpose of abandoning his interest in the line or his right to use it, and intended to connect up again for calling the doctor or in other emergency or as he might choose. He charges that later the other parties deliberately cut the wire at or about Glasscock's and deprived him altogether of his right in the community property, and that they permitted others to make connections on the line without his consent, extending it around and beyond his house.

On the contrary, it is shown by evidence of statements and acts of Pawley, such as his offer to sell or give away the wire extending from Glasscock's to his house (considered by all as representing his part of the line), and his effort to organize another line, that he retired from the venture permanently, that his part of the line was destroyed by trees being blown across it, and that he made no effort to repair it. While in this condition, in order that service might be maintanied on the rest of the line, it was cut near Glasscock's house and grounded, and he was tendered $1.97 in refund of his money contribution to the project. Considering that Pawley had permanently withdrawn of his own accord, another line was extended to other residences and beyond towards Hardin Springs, the original destination. Pawley in rebuttal again denied that he had withdrawn from the venture; denied he had offered to dispose of the wire; and that his line had been destroyed by the falling of trees across it, introducing evidence that he had used his telephone after the time indicated.

In this suit instituted by Pawley he asserted his right to a restoration and continuation of service on the line as originally erected, and asked an injunction to that effect, as well as an order requiring the others who had

connected with the line to disconnect their extensions. He also prayed for $100 in damages.

The arrangement appears to be a joint adventure, of a nature similar to a simple, limited partnership, existing for a single purpose, and covered by the same rules of law. Central Trust Company v. Creel, 184 Ky. 114, 211 S. W. 421; Moore v. Hillsdale County Tel. Co., 171 Mich. 388, 137 N. W. 241.

Appellant contends that, since there was no definite time provided for a dissolution, it must be implied that it will continue so long as the telephone system is used for the purpose of communication, and that the court has power to require a recognition of his rights as a member of the partnership. It seems to us that the partnership or arrangement was of that character which could be terminated at the will of the parties. Conant's Adm'r v. Mason, 212 Ky. 692, 279 S. W. 1098; 20 R. C. L. 953. A member may at any time dissolve his association with the others by withdrawing, bringing notice of his retirement to the others. Johnson v. Jackson, 130 Ky. 751, 114 S. W. 260, 17 Ann. Cas. 699; Bowman & Cockrel v. Ed Blanton & Co., 141 Ky. 407, 132 S. W. 1041; 20 R. C. L. 954; 47 C. J. 1104. No particular form of notice of withdrawal is necessary, and it is sufficient that unequivocal acts or circumstances are brought to the knowledge of the other partners that signify the exercise of the will or purpose to terminate the partnership. An abandonment of the enterprise has that effect. 47 C. J. 1109.

As to whether or not the appellant withdrew and thereby terminated the partnership so far as he was concerned was a question of fact. Upon abundant evidence, the special chancellor found that he had so terminated it, and we are not disposed to interfere with that judgment.

Judgment affirmed.