HATHAWAY v. PORTER ROYALTY POOL, INC.

This opinion is amendatory of the one appearing *ante*, 90 *et seq.*

(For appeal data, statement of the case and names of attorneys, see original opinion.)

Per Curiam.   On June 6, 1941, defendant Porter Royalty Pool, Inc., filed petition for amendment and clarification of decree entered April 24, 1941, in pursuance of our opinion of January 6, 1941, *ante*, 90.

Attorneys for said defendant and for plaintiffs and cross-plaintiffs have filed briefs and presented arguments before the court.

We have concluded to grant such petition to amend and clarify the decree and to grant affirmative relief prayed for.

We have re-examined our original opinion and find certain provisions therein which may unduly limit and restrict defendant Porter Royalty Pool, Inc., its officers and directors, in carrying out the purposes of such corporation and the joint-adventure agreement under which the corporation was organized and in performing and carrying out such decree of April 24th and proposed amendment thereof.

Our original opinion should, without militating against the correctness of the result reached, be in part revised and amended, so as to avoid any uncertainty regarding the power and authority of Porter Royalty Pool, Inc., and its officers and directors.

We accordingly hereby amend such opinion by striking out the following provisions thereof (pp. 105, 106):

"The corporation could not engage in business. It had only a nominal capital stock and a nominal paid-in capital. It could only incur small office expenses. It could pay no salaries to officers. It was not within the power of the officers or directors to use the assets, consisting of the assigned royalty contracts, for any purpose except to receive the proceeds therefrom and pay them out monthly to the holders of the shares. The corporation could make no investment of its funds or of the profits from the royalty agreements. It could issue no stock, except to those who were members of the pool before the incorporation, except upon unanimous vote of all the stockholders, and then only to additional contributors of royalty rights within the prescribed area. No discretion was vested in the board of directors. The only function that the corpora-

tion could perform was to distribute to the various individual landowners their proportionate share of royalties received from this joint adventure — the pooling of all their individual interests in one common project."

We further amend such opinion by inserting and adding in place of the portion above struck out, the following provisions:

"The corporation, Porter Royalty Pool, Inc., was organized under the laws of this State (Act No. 327, Pub. Acts 1931 [Comp. Laws Supp. 1940, § 10135-1 *et seq.*, Stat. Ann. § 21.1 *et seq.*]) for the purpose of creating a legal entity which would serve as a practical and convenient medium to carry out the joint-adventure enterprise and agreement. The organization of the corporation was authorized by the joint-adventure agreement between the parties and such corporation was properly organized. The officers and board of directors of the corporation have all the power and authority of officers and directors of a corporation organized under Act No. 327, Pub. Acts 1931, insofar as necessary to carry out the intents and purposes of the joint-adventure agreement between the parties."

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, STARR, WIEST, and BUTZEL, JJ., concurred.