# Republic Steel Corporation et al. v. Adkins et al.

February 27, 1948.

R. Monroe Fields, Judge.

Hobson & Scott and F. P. Keesee for appellants.

L. J. May for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SIMS—Reversing.

Louisa Ramey Adkins and her children filed this action against the Republic Steel Corporation (hereinafter referred to as the Company) and Pike County to recover $800 damages alleged to have been done a tract of land of 15 acres jointly owned by appellees in Pike County. The petition avers the damage was caused by appellants channelling the bed of Road Creek upon which the land abuts. A trial resulted in a verdict of $600 and in seeking to reverse the judgment entered thereon appellants insist: (a) That the verdict is excessive; (b) that Mrs. Adkins' husband was allowed to testify in chief after other witnesses had been introduced in her behalf, contrary to the provisions of the Civil Code of Practice, sec. 606(3).

Mrs. Adkins and her first husband, Landon Ramey, purchased this 15 acres of land in 1942 for $75, and soon thereafter built a two room box house on a small circular bottom on the "upper end" of the place. The record shows the property is listed for taxation at $200

and it rented for $10 per month both before and after the alleged damage. This land abuts Road Creek for a distance of approximately 300 feet and on the "lower end" there was a small unfenced bottom, or rock bar, about 50 feet long. Some of the witnesses state this bottom or bar was about 30 feet wide, while others gave its width at from 8 to 10 feet.

A public road ran up this creek and passed a mine operated by the Company. During the first part of August 1945, a cloudburst badly washed this road and left much debris on it. L. E. Rowe, a magistrate of Pike County and also an employee of the Company, took a gasoline shovel owned by the county, and with the assistance of an employee of the county and two employees of the company, removed the debris, channelled out the creek and built up the road. Mrs. Adkins insists that in channelling the creek the operator of the shovel converted the gently sloping bank of the creek near her house into a perpendicular bank, which made it impossible to enter her yard with a wheel vehicle; that half of the lower bottom was removed and placed upon the road; all of which damaged the property to the extent of $1000, although this suit only sought a recovery of $800.

The proof of appellants is that the flood washed away part of the bank near the entrance to the house and left it much steeper than it formerly was and the work done with the shovel did not change the bank at that point. It is admitted by appellants that they took some 3 to 5 feet from the width of the lower bottom or bar its entire length and put same on the road, while appellees' evidence is to the effect that about half of this bottom or bar was taken.

The only witnesses testifying to the amount of damages done this property was Mrs. Adkins and her husband. Each stated that the property was worth $2000 immediately before the work was done by the Company and the county, and that immediately thereafter it was worth only $1000. The testimony for appellants is to the effect that the work did not damage the property but made it more valuable by reason of the fact that it greatly improved the road, causing the property to be more accessible.

It requires no argument to convince a fair mind that the judgment of $600 is grossly excessive. Admitting arguendo that appellees are correct in saying that the bank of the creek near the yard leading to the house was converted from a rolling into a perpendicular bank, it is apparent that the original condition of this bank can be restored with but little expense. Appellees claim the lower bottom or bar was 30 feet by 50 feet. Had half of it been taken as shown by appellees' proof, they would have lost only about 1/60 of an acre. Allowing the liberal sum of $100 to restore the bank near the house, this leaves $500 for 1/60 of an acre, or $30,000 an acre for this unfenced bottom or bar which had formerly been used as a hog lot.

This is rather a high price even in these times of inflated land values. At this rate appellees' entire 15 acres with a two room house carries a value of $450,000. The 15 acres brought $75 in 1942, upon which the house was soon thereafter built, and the entire property was listed for taxation at $200. The impression such a fantastic verdict makes upon this court may be found in reading our opinions in Norfolk & W. R. Co. v. Fitch, 250 Ky. 180, 61 S. W. 2d 1082, and Norfolk & W. R. Co. v. McCoy, 276 Ky. 573, 124 S. W. 2d 777.

Appellees argue that as the jury viewed the premises and saw for themselves the damages done, we should uphold their verdict on the authority of Husbands v. Paducah & I. R. Co., 186 Ky. 294, 216 S. W. 840. The Husbands opinion discusses the various theories as to the effect to be given a verdict where a view was had by the jury. It states the rule in this jurisdiction to be that the result of the jury's observations may be considered in connection with other evidence, but the jury cannot arbitrarily disregard all other evidence and base their verdict solely on the result of their observations. The fact that in the present instance the jury viewed this land cannot be regarded as a sufficient foundation to sustain this grossly excessive verdict.

Appellants complain that as Mrs. Adkins' present husband had an inchoate right of curtesy in this land, that sec. 606(3) of the Civil Code of Practice required him to testify in chief before other witnesses were introduced on behalf of his wife, citing Truitt v. Truitt's

Adm'r, 290 Ky. 632, 162 S. W. 2d 131, 140 A. L. R. 1127. While the Truitt opinion is not directly in point, we think that by following a similar line of reasoning as there used it may be said that Mr. Adkins had sufficient interest in the outcome of this trial for sec. 606(3) to apply to him. While we do not regard this error sufficient to cause a reversal of the judgment in this case, on another trial if Mr. Adkins testifies in chief, he should be required to follow his wife on the stand.

The judgment is reversed for proceedings consistent with this opinion.