## Whitsell v. Porter et al.

January 28, 1949.

248

Earle M. Nichols for appellant.

Fox & Gordon, Carroll W. Morrow and L. B. Weir for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The question is whether or not the purchase of a tract of land at a judicial sale should be held to be for the use and benefit of a number of heirs. The chancellor resolved the question in their favor under the law of joint adventure. The purchaser, Whitsell, appeals from the judgment.

The heirs of James Kirkwood, who died many years ago, had joint title to an undivided three-fifths interest in 31 acres of land, the other two-fifths belonging to strangers to the estate. It was to be sold and a division of the proceeds made under decree in a suit brought by the latter. It seems to have been recently ascertained that the tract was a part of a coal field of some five hundred acres about to be developed. The respective interests of the 28 heirs varied from about 1/190 to about ⅛. M. L. Porter, one of the heirs, became a leading spirit in protecting the interests and in having the land leased for development of the coal. A crude instrument was signed by 15 of the heirs and their consorts in which it was agreed that the property should be bought for all of them at the judicial sale. It specified that the court costs should be paid out of contemplated royalties and "Hart and Hart" were designated or referred to as the purchasers who would buy the property for the Kirkwood heirs. It seems that they were interested in becoming lessees or otherwise in the development of the tract. This instrument was signed by the appellant,

J. D. Whitsell, and his wife, Pearl Whitsell, who as one of the heirs owned an 8/315 interest in the land.

At the commissioner's sale Hart for some reason stopped bidding and so informed some of the heirs who were present. The evidence as to what immediately occurred with respect to Whitsell entering the bidding is in hopeless conflict. There is much to sustain the contentions of the heirs that he yielded to the encouragement of Hart, E. R. Brackett, also interested in the development, and some of the heirs to bid in the property for the heirs as it seemed to be going for much less than it was worth. Whitsell contends that he bid for himself individually and has some evidence to support his claim. But substantial proof of his statements, acts and contracts immediately and during a short period thereafter are quite persuasive that he had assumed to represent the heirs. After a while he made known to them that he had bought the land for himself alone. He acquired it for $4,050. It is estimated that the royalties from this tract will amount to $22,000.

We agree with the appellant that the evidence is not of that clear and convincing character ordinarily required to support a finding of a constructive trust. However, the relationship of the appellant to the transaction is of the character that but little evidence requires that such a trust be imposed. It is the rule of equity that but slight evidence sustains a claim that a fiduciary has failed in the performance of his obligations to his principal. The chancellor found that, irrespective of Whitsell's intention, he should be held to have acted as a fiduciary and to be responsible to the heirs as their representative in this transaction.

A joint adventure is an informal partnership differing from the traditional partnership principally in that it is usually, but not necessarily, formed for and limited to a single transaction. So similar are they that the principles which govern the rights and the liabilities of members of a partnership apply and govern a joint adventure, and the responsibilities are tested by partnership rules. Pawley v. Glasscock, 236 Ky. 821, 34 S. W. 2d 729; Jones v. Nickell, 297 Ky. 81, 179 S. W. 2d 195; 48 C. J. S., Joint Adventures, sec. 1(6); 30 Am. Jur., Joint Adventures, secs. 3, 5. Ordinarily a joint adven-

ture contemplates an enterprise for commercial profit, but the doctrine (a relatively recent creation of the American courts) as a legal concept is still in process of development. 48 C. J. S., Joint Adventures, sec. 1. It may be formed for the purpose of a single transaction in real estate, the contract forming such being binding even though it is parol. Central Trust Co. of Owensboro v. Creel, 184 Ky. 114, 211 S. W. 421; Cain's Adm'r v. Hubble, 184 Ky. 38, 211 S. W. 413, 6 A. L. R. 146; Jones v. Nickell, supra; Annotations, 48 A. L. R. 1064, 63 A. L. R. 915, 138 A. L. R. 981. And an agreement to buy real estate for another at a judicial sale is not within the Statute of Frauds. It may be enforced against the agent as a constructive trustee, which is based upon estoppel. Day v. Amburgey, 147 Ky. 123, 143 S. W. 1033; Willis v. Lam, 158 Ky. 777, 166 S. W. 251. In the present case we construe the agreement among the heirs, which the appellant signed, to constitute a joint adventure for the purpose of buying the property. That was the essential and primary agreement. The designation of Hart as their bidding agent was incidental and ancillary. Here was a community of interest of the parties in the object of the undertaking. The contract was for their mutual benefit. There were mutual promises, expressed and implied, that they would go together and without competition among themselves buy the property and get rid of the undivided two-fifths interest owned by strangers and that they would share in the expenses, payable out of contemplated revenue. There was an assumption of risk of loss and of a chance of profit. All this constituted a consideration. 48 C. J. S., Joint Adventures, sec. 3(a); 30 Am. Jur., Joint Adventures, sec. 9. True, Whitsell was not one of the heirs, but as a husband of one of them he had a substantial interest in her share. Truitt v. Truitt's Adm'r, 290 Ky. 632, 162 S. W. 2d 31, 140 A. L. R. 1127; Republic Steel Corporation v. Adkins, 306 Ky. 729, 209 S. W. 2d 88.

Each member of a joint adventure has the dual status as principal for himself and agent of the others within the scope of the enterprise. There was imposed upon Whitsell as a member and participant the obligation of loyalty to all, and at all times, from the beginning of the negotiations for the formation of the enterprise to its end, the duty to observe the utmost good faith,

fairness and honesty in dealing with them with respect to the transaction. Jones v. Nickell, supra. This relationship did not permit any secret advantage or benefit, for it was Whitsell's duty to guard the rights of his co-adventurers equally with his own. 30 Am. Jur., Joint Adventures, secs. 34, 35, 38; 48 C. J. S., Joint Adventures, sec. 5(b). Therefore, where a joint adventurer purchases property which was the object of the venture, he cannot exclude his associates from an interest in it under the claim that he has done so for his individual account. He cannot acquire for his individual benefit an interest therein antagonistic to their interest. If he undertakes to do so, he commits a breach of duty. He becomes a constructive trustee and may be compelled by the other members of the venture to account to them or to convey to them the interests in the property to which they are entitled on their payment of their proportionate share of the cost. 48 C. J. S., Joint Adventures, secs. 5(b), 7(a); 30 Am. Jur., Joint Adventures, sec. 29. In the present case the heirs soon tendered the purchase money to Whitsell and upon his rejection of it placed the money in escrow.

We concur in the chancellor's conclusion that, if it was Whitsell's intention to buy the property for himself alone, good faith required that he should have made a timely and full disclosure of his adverse position to his associates, the heirs, that they might protect themselves. A joint adventure cannot be terminated by one party, even if a valid reason exists for doing so, without giving notice of the termination to the other parties. Pawley v. Glasscock, supra. The duration of this venture was until the property had been purchased.

We likewise concur in the chancellor's opinion that, though all the heirs did not sign the agreement to buy the property or authorize Whitsell to act for them, he cannot escape his responsibility to all. Any heir had the right to ratify the purchase or elect to take his share of the proceeds. The court was correct also in holding that, since ratification of the purchase would be to. the interest of one of the heirs who was a person of unsound mind and incapable of ratification, the court could do so. Griffin v. Schlenk, 139 Ky. 523, 102 S. W. 837. The court properly adjudged the defendant, Whitsell, to be holding title for the use and benefit of the

heirs. No question is raised as to the respective shares and rights of the parties in relation to the title or the coal lease theretofore executed.

Wherefore, the judgment is affirmed.