## LYON et al. v. WHITSELL et al.

Court of Appeals of Kentucky.

Nov. 9, 1951.

Rehearing Denied Feb. 29, 1952.

L. B. Weir, Madisonville, for appellants.

Waddill, Laffoon & Nichols, Madisonville, for appellees.

CLAY, Commissioner.

Appellants seek to recover attorneys' fees paid by them while prosecuting a suit to recover land from the principal appellee, Whitsell. Appellants were successful in the former litigation, reported as Whitsell v. Porter, 309 Ky. 247, 217 S.W.2d 311. The lower Court sustained a general demurrer to their petition.

The basis of this action is that appellees were trustees who fraudulently sought to deprive appellants, the beneficiaries, of their property. In successfully asserting their rights, appellants were forced into extensive litigation and were required to pay substantial attorney fees. They claim the right to reimbursement for this expense as special damages directly caused by appellees' breach of trust.

Appellants' petition is principally a recital of the facts and proceedings in the prior litigation, and the record in the former case must properly be considered an exhibit in determining whether or not sufficient grounds for relief have been pleaded.

As a general rule, in the absence of contractual or statutory liability, attorneys' fees are not recoverable as an item of damages. 15 Am.Jur., Damages, Section 142. In suits for accounting against a fiduciary it has been held that, even though the plaintiff is successful, he may not recover attorneys' fees. Farris v. Bingham, 164 Ky. 444, 175 S.W. 649, and Bryan v. Security Trust Co., 296 Ky. 95, 176 S.W.2d 104.

Appellants rely principally upon the case of Bolling v. Ford, 213 Ky. 403, 281 S.W. 178. In that case the defendants were admittedly trustees under a trust agreement.

Their fixed duty was to sell certain property of the plaintiff for the best price obtainable. They not only failed to do this, but prevented the plaintiff from selling the property at a good price; their purpose being to acquire title for their own personal advantage. We decided in that case that the circumstances proved fraud and that the plaintiff was entitled to recover his attorneys' fees expended in an effort to right the trustees' wrongs. We do not know of another case in Kentucky similar to that one, wherein the breach of duty by the trustees was particularly vicious. Accepting the principle there applied, we think the facts in the present case put it in an entirely different category.

In the first place, there was a very close question as to whether or not there was a fiduciary relationship between appellants and appellees. As a matter of fact, it was necessary in the decision to declare appellee Whitsell a constructive trustee, thereby creating a relationship which he denied at any time existed. In the second place, it was not clearly established that appellees had any intention of defrauding appellants. The basis of our decision in the former suit appears as follows, 309 Ky. 247, 250, 217 S.W.2d 311, 313: "We agree with the appellant that the evidence is not of that clear and convincing character ordinarily required to support a finding of a constructive trust. However, the relationship of the appellant to the transaction is of the character that but little evidence requires that such a trust be imposed. It is the rule of equity that but slight evidence sustains a claim that a fiduciary has failed in the performance of his obligations to his principal. The chancellor found that, irrespective of Whitsell's intention, he should be held to have acted as a fiduciary and to be responsible to the heirs as their representative in this transaction."

It is true we decided a fiduciary relationship existed, that Whitsell had breached his duty, and he was compelled to return to appellants the property and the income realized therefrom. While it was necessary to construct this liability, the decision was not based upon his intention to defraud. As pointed out in the opinion, Whitsell was a constructive trustee in a joint venture, and the suit against him was in the nature of an accounting. Unlike the Bolling case, 213 Ky. 403, 281 S.W. 178, we have neither a definitely fixed and acknowledged trust relationship, nor do we have clearly shown the necessary incidents of actual fraud.

For these reasons appellants do not bring themselves within that class who may recover attorneys' fees as special damages under an exception to the general rule. They must stand as other litigants, who though successful, must pay their own expenses of litigation. The trial Court properly sustained the general demurrer to the petition.

The judgment is affirmed.