**Richard G. EUBANK, Appellant,**

v.

**Glenn H. RICHARDSON, Appellee.**

**Glenn H. RICHARDSON, Appellant,**

v.

**Richard G. EUBANK et al., Appellee.**

Court of Appeals of Kentucky.

Jan. 26, 1962.

Miller & Griffin, Lexington, for appellant and cross-appellees.

Lewis A. White, Mt. Sterling, for appellee and cross-appellant.

MONTGOMERY, Judge.

Glenn H. Richardson sued Richard G. Eubank and his wife to compel the conveyance of an undivided one-third interest in forty acres of Leslie County coal land and for an accounting of the royalties. Under the judgment, the Eubanks were ordered to make the conveyance and to pay Richardson the sum of $5,120.71 as his share of the royalties, with interest from the date of demand. Eubank appeals and urges that the agreement was barred by the Statute of Frauds (KRS 371.010(6)) and the evidence was insufficient to establish a parol trust. Richardson on cross-appeal claims that he should have been allowed interest from the date of each royalty payment.

Richardson's proof by several witnesses shows that he, Eubank, and the late H. Reid Prewitt, an attorney, all residents of Mt. Sterling, had been friends and had engaged in business relations. In May 1950, the three men met at a local restaurant at Prewitt's request. Prewitt told them that there was a tract of coal land in Leslie County that could be purchased for $500 which was considerably less than its value. According to Richardson, Prewitt agreed to put up the purchase price but did not want to take title in his name for fear of violating legal ethics. It was agreed among the three that title would be taken in the name of Eubank in order to finance better their operation and development of the property. Richardson and Eubank were to repay Prewitt for money advanced on their behalf. The property was to be owned jointly with the expenses and benefits to be shared equally.

Prewitt gave his check in payment of the land to Richardson who delivered it to the representative of the owners with the instruction to make the conveyance to Eubank, which was done on May 24, 1950. Shortly afterward, Prewitt became incapacitated physically. At his behest, Richardson and Eubank went to Leslie County to investigate the property. They reported to Prewitt upon their return. During the next eighteen months, the three men had many discussions relative to the property. In December 1951, Richardson paid Prewitt for his interest in the property. Prewitt died in February 1952.

This action was filed on September 27, 1957. During the interim, Eubank had conveyed to Prewitt's widow an undivided one-half interest, the property had been involved in title litigation, and Eubank had been receiving royalties. Richardson was unsuccessful in his demands on Eubank for a conveyance.

Eubank's proof in substance and effect was a denial that there had been any agreement among the three men to purchase the land. His evidence showed that neither he

nor Richardson at the time the deed was executed was to have had any interest in the land. The conveyance was made to Eubank as a matter of convenience and favor to Prewitt, who was the sole owner. Eubank explained that he purchased an undivided one-half interest from Prewitt before his death. He then conveyed the other one-half interest to Prewitt's widow.

It is unnecessary to state the testimony in greater detail. The evidence was in conflict on the major points. The case was submitted under a single instruction which required the jury to find if there was an agreement among the three men to acquire and own the property equally and jointly. The instruction submitted the theory of Richardson's complaint. The jury found for Richardson.

Eubank contends that the oral agreement, as claimed by Richardson, was for the purchase of lands to be owned as joint tenants and was thus unenforceable under the Statute of Frauds. Richardson argues that the agreement constituted a joint adventure not violative of the Statute of Frauds. The nature of the relationship created by the contract controls.

 A joint adventure is an informal association of two or more persons, partaking of the nature of a partnership, usually, but not always, limited to a single transaction in which the participants combine their money, efforts, skill, and knowledge for gain, with each sharing in the expenses and profits or losses. In furtherance of the joint adventure, property, including real estate, may be acquired and owned jointly although the title may be taken in the name of one of them. Jones v. Nickell, 297 Ky. 81, 179 S.W.2d 195; Whitsell v. Porter, 309 Ky. 247, 217 S.W. 2d 311; 30 Am.Jur., Joint Adventures, Sections 1, 6, 10, 11, and 15, pages 938, 943, 945, 946, and 949; 48 C.J.S. Joint Adventures Sections 1a, 7(4), 11a, pages 801, 833, and 837. A joint adventure has been held distinguishable from joint ownership and tenancy in common, in that the latter lacks the feature of adventure. Bond v. O'Donnell, 205 Iowa 902, 218 N.W. 898, 63 A.L.R. 901; Hathaway v. Porter Royalty Pool, 296 Mich. 90, 295 N.W. 571, 138 A.L.R. 955, amended 296 Mich. 733, 299 N.W. 451, 138 A.L.R. 967.

 A review of the testimony introduced in behalf of Richardson shows that all of the elements of a joint adventure were proved. Eubank contends that the agreement created a parol trust. Resulting and constructive trusts and joint adventure were fully discussed in Appleby v. Buck, Ky., 351 S.W.2d 494, wherein an oral agreement to obtain oil and gas leases for development and profit on similar facts was held not to be in violation of the Statute of Frauds. The agreement described in Richardson's proof was a joint adventure and was not barred by the Statute of Frauds. Jones v. Nickell, 297 Ky. 81, 179 S.W.2d 195, and the cases cited therein.

The attack by Eubank on the sufficiency of the evidence is predicated on the theory that the agreement constituted a trust and required a higher standard of proof than is necessary to show a joint adventure. Reliance is had on Hecht's Adm'r v. Hecht, 272 Ky. 400, 114 S.W.2d 499; Jenkins v. Jenkins, Ky., 300 S.W.2d 564; and Weissinger v. Weissinger, Ky., 302 S.W.2d 97, holding that clear, convincing, and satisfactory evidence is necessary to establish a parol trust.

In Whitsell v. Porter, 309 Ky. 247, 217 S.W.2d 311, it was held that the evidence to establish a joint adventure oral agreement did not have to be of the quality and quantity required to establish a parol trust. However, the evidence given in behalf of Richardson was clear, convincing, and satisfactory. It was sufficient to establish the joint adventure and to sustain the verdict. 30 Am.Jur., Joint Adventures, Section 68, page 989.

 Richardson on cross-appeal claims that he should have been awarded interest on the royalty payments from the date of

each payment. These payments were in controversy and the court allowed interest from the date of demand. This was a matter in the discretion of the lower court and was not error.

Judgment affirmed on appeal and on the cross-appeal.