**William M. O'BRYAN, Individually, and William M. O'Bryan, Trustee, Appellants,**

**v.**

**James BICKETT and Edmond Bickett, Appellees.**

Court of Appeals of Kentucky.

June 30, 1967.

Rehearing Denied Nov. 17, 1967.

Wilson & Wilson, Owensboro, for appellants.

Bratcher, Rummage, Beard & Flaherty, Rhodes Bratcher, William Rummage, John W. Beard, Joseph R. Flaherty, Charles J. Kamuf, Owensboro, for appellees.

CULLEN, Commissioner.

James and Edmond Bickett (brothers) brought this action against William M. O'Bryan, individually, alleging that he had purchased a tract of timberland for his own account in violation of a partnership or joint adventure agreement under which the land was to be acquired jointly, with the Bicketts paying for and owning a one-half interest. Subsequently "William M. O'Bryan, Trustee" was made a party, it having appeared that title to the land had been taken in that name. Judgment was entered, after a jury trial of certain issues of fact, adjudging that the Bicketts were entitled to acquire a half interest in the land and adjudging that O'Bryan (individually and as Trustee) convey a half interest to them upon their paying one-half of the amount paid by O'Bryan toward the purchase price.

O'Bryan, individually and as trustee, has appealed. His substantive contentions are:

A. There was no enforceable agreement between him and the Bicketts because (1) no final agreement was intended; (2) the alleged agreement lacked mutuality; (3) there was no agreement as to a number of terms essential to a contract; and (4) the agreement was not to be performed within one year and therefore, being oral, violated the Statute of Frauds, KRS 371.010(7).

B. If there was an enforceable agreement it was one merely for purchase of the land as joint tenants, which did not create such a relationship as would furnish the basis for invoking a constructive trust.

■ Two basic propositions, which the appellant does not dispute, are established by our cases, particularly Stewart v. Stov-all, 191 Ky. 508, 230 S.W. 929, and Appleby v. Buck, Ky., 351 S.W.2d 494. See also Eubank v. Richardson, Ky., 353 S.W.2d 367. They are (1) that a partnership agreement or joint adventure agreement, to deal in land for profit, creates a confidential relationship the violation of which by one of the parties, by purchasing the land for his individual account, will give rise to a constructive trust in favor of the other party; and (2) that the Statute of Frauds does not apply to constructive trusts, because the trust does not rest on contract but on fraud or breach of confidence.

■ We think the basic flaw in the appellant's argument is in his assumption that a partnership agreement or joint adventure agreement, in order to create such a relationship as will furnish the basis for decreeing a constructive trust, must be one that so conforms to all contract requirements as to have been enforceable by a decree of specific performance. If this were so, an oral agreement to buy land jointly could not give rise to a constructive trust because the agreement, being in violation of the Statute of Frauds, was itself not enforceable. But this is exactly contrary to what our cases, supra, have held. The trust may be invoked even though the agreement out of which it arose was not legally enforceable. The point is that invoking the trust is not enforcing a contract but is providing equitable relief from a fraud or breach of confidence. The trust arises by virtue of the *relationship* and the cases do not require that the relationship be a legally enforceable one. Otherwise, the remedy of the complaining party would be a simple suit at law for breach of contract and there would be no need to resort to equitable forms of relief. And if, as our cases hold, a constructive trust may arise out of a relationship that would not be legally enforceable because it does not meet the requirements of the Statute of Frauds, there would seem to be no reason to say that the agreement must conform to any other requirements of law for an enforceable contract.

■ It has been held that where an agency agreement has been entered into for purchase of land for the principal's account, and the agent thereafter purchases the land for his own account in violation of the agreement, a constructive trust will be declared even though there was no consideration for the agreement and it therefore was not a legally enforceable contract. See 54 Am.Jur., Trusts, sec. 237, pp. 180, 181.

■ Where a constructive trust is sought to be invoked out of a business relationship, such as an agency or a partnership or joint adventure, it is our conclusion it is enough that the relationship be sufficiently definite as to warrant equitable recognition. In the instant case the parties agreed upon the basic framework of a "deal" —that they would jointly buy, as a profit-making venture, a specific tract of land at a specific price. The fact that some of the details had not been agreed upon does not make any less unconscionable the conduct of O'Bryan in buying the land for his sole account. And the fact that the agreement may have violated subsection (7) of the Statute of Frauds, KRS 371.010, in that it may not have been performable within one year, is of no more significance than its admitted violation of subsection (6) (contract for sale of real estate), because our cases hold that the Statute of Frauds is not a matter of concern in constructive trust cases.

■ What we have said thus far disposes of the appellant's first point, and supplies the answer to some secondary offshoots of that point. There was no prejudicial error in the instructions in relation to whether or not the parties had agreed on essential terms and conditions of a contract because, as we have pointed out, such agreement was not required—it was sufficient that there was an agreement on the basic framework of their deal. The fact that the trial court, in entering judgment, was required to specify some details, does not mean that the court was making a contract for the parties which they had not made for themselves—it simply means that the court was exercising traditional powers of a court of equity to fix the terms and conditions of *equitable relief.*

■ The appellant's second argument, that the agreement between the parties was one for simple joint ownership and not one of joint adventure, is not supported by the record, which shows clearly that the agreement was to buy the land for speculation or development or both, as a profit-making venture. This was the same in principle as the agreements in Stewart v. Stovall, 191 Ky. 508, 230 S.W. 929, and Appleby v. Buck, Ky., 351 S.W.2d 494.

The appellant makes a final contention of a fatal defect of parties. He argues that the trust (as an entity) in the name of which the land in question was taken, and the beneficiaries of that trust, were indispensable parties to this action.

As hereinbefore pointed out, this action originally was brought only against William M. O'Bryan individually. The action so proceeded to verdict, although pleadings and evidence showed that the deed to the land was to "O'Bryan Trust No. 1, Wm. M. O'Bryan, Trustee, Being a Trust created by a Trust Declaration for the use and benefit of Edna O'Bryan Hicks, Nell Wathen O'Bryan Bale, and Ruth Helen O'Bryan Wright, dated September 15, 1965." (The record shows that the beneficiaries are the children of O'Bryan, but no facts appear in regard to the *terms* of the trust.)

It appears that the original option for purchase of the land was taken by O'Bryan in his individual name. This action was commenced on September 16, 1965, and summons was served on O'Bryan on that day. The deed was dated September 16 (referring to the trust as having been created on September 15) but it was not signed and delivered until September 17. These facts tend to put the creation of the trust in proper perspective.

After verdict had been returned, O'Bryan moved to dismiss the action for absence of indispensable parties. The court then ordered "William M. O'Bryan, Trustee" to be made a party, and that was done. No additional pleadings were filed by the plaintiff and O'Bryan as trustee moved for dismissal because no claim had been asserted against him. The court overruled that motion and ordered O'Bryan as trustee to answer. He did so, not raising any defenses not previously raised by himself individually. The court then entered a double judgment, ordering a conveyance of a half interest in the land by O'Bryan individually and as trustee.

We find no material significance in the fact that O'Bryan as trustee was not brought into the action until after verdict or in the fact that no pleadings were made asserting a claim against him as trustee. As far as this record shows his status as trustee put him in no different posture from his individual one; he knew what the claim was and he had ample opportunity to defend. He shows no prejudice—he merely asserts a formal error.

Likewise, we find no substance in the contention that the trust as an entity should have been joined as a party. Again, this would have served only the purpose of formality.

The only point of any concern is in regard to the failure to join as parties the beneficiaries of the trust. It is our conclusion on this point that, no special circumstances or conditions having been shown to exist, it must be considered, as relates to the issue of indispensable parties, that the trustee was competent to defend on behalf of the beneficiaries and therefore they were not indispensable parties. This seems to be the prevailing view. See 67 C.J.S. Parties § 32, p. 948; 54 Am.Jur., Trusts, sec. 593, p. 458.

The judgment is affirmed.

All concur.